CHALLONER and another, Administrators, vs. BOUCK, imp.

*January 9 — January 30, 1883.*

*(1) Findings held to be sustained by evidence.   (2) Evidence of agency.*

1. Findings of a referee that F. and B. were not tenants in common of certain mill property; that, although the legal title was in B., he was, in fact, a mortgagee of F.; and that in procuring repairs to be made on the property, F. did not act as the agent of B., are *held* to be sustained by the evidence.
2. Parol agency to charge a principal's realty ought to be express, and clearly established. *Lauer v. Bandow*, 43 Wis., 556.

APPEAL from the Circuit Court for *Winnebago* County.

Action by the administrators of George Challoner, deceased, to enforce a mechanic's lien. The complaint alleged that the defendants were the owners of the premises in question, the defendant *Bouck* holding the title thereto for the use of himself and the defendant Felker. The answer of the defendant Felker merely alleged certain partial payments, and prayed credit therefor. The separate answer of the defendant *Bouck*, besides a general denial, alleged that he never had any interest in the premises except as a mortgagee, and that, subject to his mortgage interest, the defendant Felker was the real owner thereof.

The cause was tried before a referee, who found, among other things, that on and between August 17, 1877, and April 12, 1878, George Challoner furnished materials and

performed labor in repairing the premises — a grist-mill — for the defendant Felker; that during such time the defendant *Bouck* held the legal title to said mill and premises; that said *Bouck* took such title and still holds the same as security for money loaned to one Asaph Howard, and for sums paid to redeem the mill from a foreclosure sale and to take up a mortgage thereon, and also for moneys paid upon obligations incurred by him for and in behalf of said Felker for the purpose of enabling the latter to repair the mill; that the repairs were made with the knowledge and consent of said *Bouck*, but that in making them Felker did not act as and was not the agent of said *Bouck;* and that, subject to the claim of said *Bouck* for the amounts paid by him, the premises belonged to said Felker.

It also appeared that upon redeeming the mill from the foreclosure sale referred to in the findings, the defendant *Bouck* received a sheriff's deed of the premises, which was dated May 21, 1877, and was recorded on that day; and that a sheriff's deed, dated March 22, 1881, was executed to him as the purchaser at a sale of the premises on the foreclosure of a mechanic's lien in September, 1877. He testified that such deeds were made to him only in the nature of security. There was also in evidence a written agreement between the defendants, dated August 24, 1877, reciting the transactions between them, the advances made and to be made and the obligations incurred by *Bouck*, and the fact that as security therefor he had taken in his own name the title to the premises in question, and providing that upon repayment to him of the amounts advanced he should convey the premises to Felker. The view taken by this court of the evidence will appear from the opinion, and a further statement thereof is deemed unnecessary.

There was a judgment in favor of the plaintiffs as against the defendant Felker, but dismissing the complaint as against the defendant *Bouck*, with costs. The plaintiffs appealed.

For the appellants there were briefs by *E. R. Hicks*, as attorney, and *Gary & Berry*, of counsel, and oral argument by *Mr. Hicks*.

For the respondent the cause was submitted on the brief of *Gabe Bouck*, in person.

COLE, C. J.   The theory of the complaint seems to be that *Mr. Bouck* and Mr. Felker owned the mill property as tenants in common, and that Mr. Felker, in making repairs on the mill, acted on behalf of *Mr. Bouck* as well as himself. But the evidence conclusively establishes the fact that no such relation existed between them; consequently no inferences can be made founded on the existence of that relation. The referee found that at the time the work was done and materials furnished for which a mechanic's lien is claimed, that *Mr. Bouck* held the legal title to the mill property as security for money loaned Asaph Howard; also for money paid to discharge certain liens upon the property, and for money paid on obligations incurred by *Mr. Bouck* for and on behalf of Mr. Felker.   In other words, that, as between *Mr. Bouck* and Mr. Felker, the true relation was that of mortgagee and mortgagor.   There can be no doubt but this finding is sustained by almost all the evidence bearing on the question.

It is true, it appears *Mr. Bouck* had taken two sheriff's deeds upon the property, nevertheless his interest therein was that of a mortgagee merely.   Mr. Felker could acquire that interest at any time upon paying *Mr. Bouck* the debt for which the property stood as security.   Whether in fact Mr. Felker was the real owner, subject to the liens, is an immaterial question.   It is a fair inference from his answer that he claims to be such owner.   A personal judgment was given against him for the amount found due the plaintiffs' intestate for work done upon and materials furnished for the mill at Mr. Felker's request, and the judgment is made a

lien upon his title and interest in the property, whatever it may be. But upon the proof the court was clearly right in treating *Mr. Bouck* as the mortgagee of the property. Beyond all question he had a lien for a large amount of money which was prior in time and superior in equity to the lien for repairs. Possibly *Mr. Bouck* may have paid money on obligations incurred on behalf of Mr. Felker subsequent to the commencement of the work of repairing the mill, and that to the extent of such payments his lien would be held subject to the one for repairs; but upon that question we express no opinion. The matter, whether any such payments were made, does not seem to have been much investigated on the trial, and certainly no point is made upon it here. The action is not to ascertain the amount of any lien which *Mr. Bouck* may have prior to the lien for repairs, and to enforce the latter subject to the former, but, as we have said, the action is brought upon the theory that *Mr. Bouck* and Mr. Felker were tenants in common in the mill property, and were both liable for the work done and materials furnished to repair it. But that claim cannot be sustained upon the evidence.

The title of record appeared to be in *Mr. Bouck*. Such being the case, the counsel for the plaintiffs insists that George Challoner had the right to treat him as the true owner, and to assume that the repairs were upon his property and for his benefit. It is not pretended that *Mr. Bouck*, by word or act, attempted to mislead any one as to his interest in the property. It is true, the written agreement between him and Mr. Felker of August 24, 1877, was not recorded; while the sheriff's deed, of May 21, 1877, was. One of the plaintiffs in effect testified that when the work of repairing the mill was commenced, the general understanding in Omro was that *Mr. Bouck* was interested in it, and that work was furnished for a time on that inference. But when more work was required than was supposed to be necessary at the start,

then the records were searched to see whether *Mr. Bouck* was interested in the property or not; and that on the strength of the record the repairs were made. If Mr. George Challoner had inquired of *Mr. Bouck* as to his interest in the property he would doubtless have learned the truth in regard to it. Or if he had inquired of *Mr. Bouck* whether he was interested in the repairs being made, or whether Mr. Felker was acting as his agent in making them, he would have exercised common prudence and diligence. But he did nothing of the kind. If we were to hold that he had the right to rely upon the record, and assume from it that *Mr. Bouck* was the real owner, yet it does not appear that he used any means to ascertain whether Mr. Felker had authority to act for *Mr. Bouck* in the matter. While, therefore, we might be satisfied that the referee found correctly, upon the evidence, that the repairs on the mill were made by Mr. Felker with *Mr. Bouck's* knowledge and consent, yet we should be compelled to affirm the other finding, that in the matter of making those repairs Mr. Felker did not act for and was not the agent of *Mr. Bouck.* The law applicable to that state of facts is laid down in *Lauer v. Bandow*, 43 Wis., 556. "Parol agency to charge a principal's realty ought to be express, and clearly established."

In any view which we have been able to take of the case we think the judgment of the circuit court is correct and must be affirmed.

*By the Court.*— Judgment affirmed.