HADFIELD, Appellant, vs. SKELTON and others, Responpents.

*September 26 — October 11, 1887.*

*Specific performance of oral agreement to sell land: Evidence required.*

> The plaintiff in an action for the specific performance of a contract for the sale of real estate, claimed to have been made with him by an agent for the owner, must show by evidence which is clear, competent, direct and satisfactory, both the terms of such contract and the authority of such agent, or a ratification of his acts by the principal, otherwise that relief will not be granted.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It is admitted by all the parties that April 22, 1886, the defendant *Helen M. Skelton* owned the lot and premises in question; that they were located in Milwaukee; that the defendant *Knight* then resided thereon as her tenant, with the right to remain thereon until May 15, 1886, when his lease expired; that she had in the fall before offered to sell the premises for $6,500; that in February, 1886, she put them in the hands of one Barber to sell at $7,000; that April 22, 1886, one J. M. Sweet, purporting to act as the agent of one Harry T. Skelton, husband of the said *Helen M.*, and during her absence at Rochester, New York, re-

ceived from the plaintiff $50, and gave him a writing to that effect, stating, in effect, that it was in part payment on the lot, and for the lot with all the appurtenances thereto belonging, the consideration for which was therein stated at $6,500, and that the deed and abstract thereof was to be furnished by the owner, Harry T. Skelton, within ten days thereafter, or as soon as he might return the next week; that Sweet telegraphed and wrote said Harry T. the fact of such sale; that April 30, 1886, the plaintiff paid Sweet $100, and took from him a receipt therefor, stating that it was on the contract with said Harry T., of April 22, 1886; that about April 30, 1886, said Harry T. returned to Milwaukee, and the plaintiff then obtained permission from him, with the consent of the tenant, *Knight*, to make certain improvements in, upon, and about the barn on said premises, which he did to the amount of $200; that the plaintiff was then assured by said Harry T. that he would give him a deed of the premises as soon as his wife returned from the east, on or about May 10 or 15, 1886; that May 2, 1886, the said *Helen M.*, at said Rochester, received a letter from her husband to the effect that he had negotiated a sale of the premises through Sweet, to be consummated after May 15, 1886; that she did not answer the letter, as she expected her husband to be at Rochester; that he did get there May 5, 1886; that two or three days thereafter she informed him that she would postpone the consideration of the sale at $6,500 until she returned to Milwaukee; that May 11, 1886, she and her husband did return to Milwaukee; that May 13, 1886, said *Helen M.* first saw the improvements made by the plaintiff; that May 14, 1886, the plaintiff was notified that *Helen M.* declined then to sell the premises to him; and that he should have his pay for whatever was due him for work on the premises; that May 15, 1886, the said *Helen M.* sold and conveyed the premises to the defendant *Eliza Bartlett*. Thereupon the plaintiff brought this action

for the specific performance of said alleged oral contract made by Sweet with the plaintiff April 22, 1886, for the sale to him of said premises for the price and on the conditions named in said writing then given to him by Sweet, and subsequently ratified by the said *Helen M.*

The three defendants named severally answered, and in effect admitted the title in *Helen M.* on and prior to May 15, 1886, and her sale and conveyance of the premises to said *Bartlett* on that day; and the said *Bartlett* and *Helen M.*, severally, in effect, denied the alleged contract with the plaintiff, and the alleged ratification by the said *Helen M.*

Upon the trial the evidence was more or less in conflict and uncertain, and the court found, in effect, as matters of fact, (1) that said *Helen M.* was a married woman, and had title to the premises from May 15, 1883, to May 15, 1886; (2) that neither said Harry T. nor said Sweet were authorized by her to sell said property for her, or to make any contract in that behalf; that neither of them was her authorized agent for that purpose, and that she never confirmed or ratified said contract, or any part thereof; (3) that said *Helen M.* did not in any way or manner sell, or contract to sell, the said premises to the plaintiff; (4) that May 15, 1886, said *Bartlett*, for a valuable consideration, purchased said premises from said *Helen M.*, and received a deed thereof; that the defendant *Knight* was then living upon the premises as the tenant of said *Helen M.;* that there was no satisfactory proof that said *Bartlett* knew or ought to have known that any work done upon said premises was for or on behalf of the plaintiff; that said *Bartlett* had no knowledge of said pretended purchase by the plaintiff, actual or constructive, or of any facts which made it her duty to inquire as to such purchase, either at the time she received such conveyance therefor, or at any time prior thereto.

As conclusions of law, the court found (1) that the plaint-

Hadfield vs. Skelton and others.

iff had failed to establish his cause of action by sufficient proofs; (2) that the defendants were entitled to judgment dismissing the complaint with costs; (3) that the injunctional order issued in said action should be vacated and set aside. From the judgment entered thereon accordingly the plaintiff brings this appeal.

For the appellant there was a brief by *Frank M. Hoyt*, attorney, and *D. H. Johnson*, of counsel, and oral argument by *Mr. Hoyt*. They contended, among other things, that the principal defendant was bound by her ratification of the contract made by the alleged agent, as shown by the proof. 1 Sugden on Vendors (14th ed.), 148; *Saveland v. Green*, 40 Wis. 431; *Walworth Co. B'k v. Farmers' L. & T. Co.* 16 id. 633; *Ballston Spa B'k v. Marine B'k*, id. 134; Story on Agency (8th ed.), sec. 244, note 1. There was sufficient part performance to take the contract out of the statute of frauds. *School Dist. v. Macloon*, 4 Wis. 79; *Fisher v. Moolick*, 13 id. 321; *Daniels v. Lewis*, 16 id. 140; *Paine v. Wilcox*, id. 202; *Martineau v. May*, 18 id. 54; *Jones v. Pease*, 21 id. 644.

For the respondents there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and *F. B. Van Valkenburgh*, and oral argument by *Mr. H. C. Sloan*.

CASSODAY, J. In the view we have taken of this case, we have assumed that, if Mr. Sweet, or the husband of the defendant *Helen M. Skelton*, had authority from her to make the agreement with the plaintiff, which they purported to make, as above stated, or if she subsequently ratified that agreement, then the plaintiff in this case is entitled to judgment for the specific performance of such contract. The question, therefore, is purely one of fact. We have all carefully examined the evidence. The testimony certainly subjects *Mrs. Skelton* to the suspicion of having backed out of an agreement which for a time she intended

to execute, in order that she might sell to *Mrs. Bartlett* at an advance of $500. This is based in part upon the natural supposition that a husband, situated as Mr. Skelton was, would naturally, under such circumstances, keep his wife fully advised as to any and all negotiations, offers, and agreements respecting the sale of her property. Such circumstances are undoubtedly entitled to consideration. But to entitle the plaintiff to specific performance in this case, he was bound to prove the existence of authority from *Mrs. Skelton* to make the contract, or her subsequent ratification of it, by clear, competent, direct, and satisfactory evidence. *Hazelton v. Putnam,* 3 Pin. 107, 121; 54 Am. Dec. 159; *Knoll v. Harvey,* 19 Wis. 99; *Tiernan v. Gibney,* 24 Wis. 190. The same rule obtains in other states, and in fact is universal. *Rankin v. Simpson,* 19 Pa. St. 471; 57 Am. Dec. 668; *McCue v. Johnston,* 25 Pa. St. 308; *Hudson v. Layton,* 5 Har. 74; 48 Am. Dec. 167; *Aday v. Echols,* 18 Ala. 353; 52 Am. Dec. 225. We are unable to find such evidence in the record. Certainly, there is not such a clear preponderance of such evidence as would justify us in overturning the findings of the learned trial judge, who was in a much better position to correctly determine the facts than we are.

*By the Court.*— The judgment of the county court is affirmed.