**Richmond.**

BLAIR AND AL. v. SHERIDAN AND AL.

NOVEMBER 21st, 1889.

1. PRINCIPAL—*Agent—Third party.*—Where agent acts under special or express authority written or verbal, the party dealing with him is bound to know, at his peril, what the agent's power is, and if agent exceeds his power, the act is void as to principal.

2. IDEM—*Evidence of authority.*—To make agent's act binding on principal, party dealing with agent, must show by clear, competent, direct and satisfactory evidence the terms and authority of the agent, or a ratification of his acts by principal.

3. AUCTIONEER, ETC.—*Custom—Real estate agent—Quære.*—If a man expressly empower another as his auctioneer, broker, factor or other professional agent, and privately restrict his power, a presumption of authority to deal with the goods according to the agent's usual course of business will arise. *Quære*, whether a real estate agent falls within the category of such agents.

4. SPECIFIC PERFORMANCE—*Case at bar.*—The evidence here not establishing the authority of the agent to make the sale of the real estate in controversy, the specific performance prayed for cannot be decreed.

Appeal from decree of hustings court of Roanoke city rendered February 13, 1889, in the chancery cause wherein W. J. and L. Blair, Jr., were complainants, and John Sheridan and A. P. Moore were defendants. The decree being adverse to complainants, they appealed. Opinion states the case.

*Penn & Cocke*, for the appellants.

*Henry Gibson* and *Wm. A. Anderson*, for the appellees.

HINTON, J., delivered the opinion of the court.

The court is of opinion that the circuit court properly refused to decree the specific execution of the contract of sale asserted in this case.  For the complainants it is contended that they have a right to the property in controversy, as purchasers from a duly-authorized agent, and for the respondents it is insisted that the agent had no authority to sell.  It seems that in the conduct of the transactions out of which this litigation arose, the defendants, John Sheridan and A. P. Moore, were reprsented by Sheridan alone, and that the firm of Yager & Campbell, real estate agents, doing business in the city of Roanoke, were represented by Campbell.  As might have been anticipated, therefore, nearly all of the evidence in the record which bears upon this question of agency is contained in the testimony of these two witnesses, and their statements are in absolute conflict.  In this conflict we think the account of the transaction given by Sheridan is more consistent with itself, and better sustained by the other facts and circumstances of the case.  His statement is that he did not place the lots in Mr. Campbell's hands for sale in June, 1888, but that between the 24th and 29th days of August, in that year, he authorized Yager & Campbell to sell them for a period of thirty days. As the record shows, Mr. Sheridan had already put these lots in the hands of a Mr. Hockaday, another real-estate agent, and he was therefore naturally averse, as the record further shows, to placing the property in the hands of any other agent. Besides, Mr. Campbell himself admits, in a conversation that subsequently occurred between himself and Sheridan, that the latter told him to his face substantially what he now asserts as to what passed at the meeting which ook place between the 24th and 29th of August, and that he (Campbell) then said that he would not swear positively that no such conversation as that detailed by Sheridan had occurred;  *  *  "for I [meaning Campbell] have more faith in your [meaning Sheri-

dan's] integrity than I have in my memory." For the plaintiffs to prevail in a case like the present it is necessary that they shall show by evidence which is clear, competent, direct, and satisfactory, both the terms of such contract and the authority of such agent, or a ratification of his acts by the principal; otherwise the relief prayed for will be denied. *Hadfield* v. *Skelton*, 69 Wis., 460. In this case there can be no pretense of a ratification of the act of the agent, and the fact of agency is not established by the proofs. |There can be no doubt that, as a general rule, if a man expressly empower another as his auctioneer, broker, or factor, or other professional agent, and privately restrict his powers, that a presumption of an authority to deal with the goods according to the agent's usual course of business will arise.\ But if we should concede, for the sake of argument, what I very much doubt, that a real estate agent falls within the category of such agents, yet the rule would not apply, because, in this case, the agency is, in our judgment, disproved. *Batty* v. *Carswell*, 1 Amer. Lead. Cas. marg., p. 570. The rule of the common law applicable to express or special agencies is that no man can be bound by the act of another without or beyond his consent ; and where an agent acts under a special or express authority, whether written or verbal, the party dealing with him is bound to know, at his peril, what the power of the agent is, and understand its legal effect ; and if the agent exceeds the boundary of its legal power, the act, as it concerns the principal, is void. *Id.* marg. p. 561. This is a case of special agency, in which the agent has transcended his powers, both by undertaking to make a sale after the expiration of his agency, and by giving more time for the payment of the purchase money than he was allowed to do by his principal, and, of course, the principal cannot be prejudiced by any such conduct. The decree appealed from is right, \and must be affirmed.

DECREE AFFIRMED.