DEWEY, Receiver, Appellant, vs. SPRING VALLEY LAND COM-
PANY, Respondent.

*November 20 — December 10, 1897.*

*Parol agreement to convey land: Specific performance.*

A refusal to enforce specific performance of an oral agreement be-
    tween the managing officer of a railway company and the manag-
    ing officer of a land company, whereby the railway company was

to extend its road to a town site of the land company, and the latter was to give it the necessary ground for right-of-way and depot purposes, is *held* not to have been an abuse of discretion, where the making of the agreement was denied by the representative of the land company, and it did not appear that either officer had authority to bind his respective corporation by such an agreement, or that the agreement was ever ratified by either corporation with knowledge of its terms.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

This action was brought by the receiver of the Minnesota & Wisconsin Railway Company to restrain the defendant from instituting condemnation proceedings, or otherwise interfering with the rights of the receiver or the railway company in respect of certain lands on which the railway company had located its railroad and depots and terminal facilities, and to enforce the specific performance of an alleged oral agreement to convey the said lands to the railway company.

It was claimed on the part of the plaintiff, and its evidence tended to prove, that the president and moving spirit of the railway company, and the vice president and moving spirit of the defendant land company, made an oral agreement, supposed to be for the mutual advantage of their respective companies, whereby the railway company was to extend and bring its railroad to the defendant's proposed new town, and build its depots and terminal facilities there, and the defendant was to give it deeds of the lands occupied by its right of way, depots, and facilities, free of cost. The road had not yet been surveyed and located, and it was agreed that the president of the railway company should select and locate the lands to be taken for its purposes by the company. The company has built its railroad and depots and terminal facilities on the lands of the defendant as proposed. The defendant refuses to give deeds of the lands occupied by these improvements, but proposes and

threatens to commence condemnation proceedings to re-
cover from the railway company the value of its lands so
taken by it. To restrain the defendant from taking such
proceedings, and to enforce the specific performance of the
agreement, this action was brought.

The action was tried by a referee. On the part of the
plaintiff, the president of the railway company testified,
specifically and positively, to the making of the alleged agree-
ment. On the part of the defendant, it was denied, with
equal positiveness. It was denied, too, that either person
had authority to act for his corporation in the premises.
The referee found and reported that, if the alleged agree-
ment was in fact made, it was void because not reduced to
writing; that it could not be enforced because it was unfair
and indefinite, and not sufficiently established by the testi-
mony; and that it could not be upheld as an irrevocable
license, so as to prevent the taking of proceedings by the
defendant to recover pay for the lands taken. The court
confirmed the report of the referee, and gave judgment for
the defendant. From this judgment the plaintiff appeals.

*Ray S. Reid,* for appellant.

For the respondent the cause was submitted on the brief
of *Clapp & Macartney.*

NEWMAN, J. It is not quite plain why the alleged contract
should be pronounced unfair. It was surely competent for
the parties to agree upon an umpire, who was mutually ac-
ceptable, to decide between them how much, and what, lands
should be deemed necessary to be taken for the purposes.
of their contract. Surely the benefit contemplated by the
defendant from the building of the plaintiff's railroad to its
projected town site was ample consideration for its promises;
and since the referee has found that no more land was taken
than was reasonably necessary for the purposes of the alleged
contract, it is not perceived how the contract could be un-

fair.   Nor is it clear that the contract is too indefinite to be specifically performed, especially after a practical location of the lands to be taken under the contract.   A practical location of the premises intended, pursuant to the agreement, is, in many cases, sufficient to give the requisite definiteness to a contract otherwise defective.   *Lundgreen v. Stratton,* 73 Wis. 659–663, and cases there cited.   But this is not important here, for a different rule controls the case.

Specific performance is not a matter of strict right, but rests in the sound discretion of the court; and the contract sought to be enforced must be fully and clearly proved in all its parts.   A mere preponderance of evidence is not sufficient.   *Blanchard v. McDougal,* 6 Wis. 167; *Williams v. Williams,* 50 Wis. 311; *Benson v. Cutler,* 53 Wis. 107; *Menasha v. W. C. R. Co.* 65 Wis. 502; *Combs v. Scott,* 76 Wis. 662; *Hadfield v. Skelton,* 69 Wis. 460; *Docter v. Furch,* 91 Wis. 464; *Shenandoah Valley R. Co. v. Lewis,* 76 Va. 833; *S. C.* 12 Am. & Eng. R. Cas. 305, and cases cited in the note. In this case, not only is the fact of the making of the alleged agreement by the persons named denied and in doubt, but it does not appear that either had authority from his respective corporation to bind his corporation by such an agreement, nor that the agreement was ever ratified by either corporation, with knowledge of its terms.   In this condition of the evidence, it was clearly not an abuse of discretion by the trial court to refuse to decree specific performance.

*By the Court.*— The judgment of the circuit court is affirmed.