# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

## SOUTHERN RAILWAY COMPANY, A CORPORATION v. W. T. THOMAS, ET ALS., TRADING AS W. T. THOMAS & COMPANY.

June 22, 1944.

Record No. 2809.

Present, All the Justices.

The opinion states the case.

*Thomas B. Gay* and *Samuel H. Williams*, for the plaintiff in error.

*J. Tinsley .Coleman, Jr.,* and, *Walter H. Carter*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

The final judgment of the trial court in this cause was entered August 9, 1943. The petition for a writ of error was filed with the clerk of this court November 8, 1943. The writ was granted November 30, 1943. Plaintiff in error had four months and fifteen days after the date of the final judgment, excluding the time the petition and the record were held by the court before the writ was granted, in which to execute a good and sufficient appeal bond. Virginia Code, 1942 (Michie), section 6355. That statutory period elapsed January 15, 1944.

On December 29, 1943, the plaintiff in error caused to be executed and filed in the clerk's office of the trial court, in Amherst county, the following written instrument:

"KNOW ALL MEN BY THESE PRESENTS, That we, Southern Railway Company, (by Samuel H. Williams, its duly authorized attorney-in-fact) Principal, and American Surety Company of New York (by K. D. Scott, its duly authorized attorney-in-fact), surety, are held and firmly bound unto the Commonwealth of Virginia, in the just and full sum of Four Thousand Dollars ($4,000.00), to the payment whereof, well and truly to be made to the said Commonwealth, we bind ourselves, and each of us our respective heirs, executors and administrators, jointly and severally, firmly by these presents. And we hereby severally waive the benefit of our Homestead Exemptions as to this obligation.

"IN TESTIMONY WHEREOF, we hereunto subscribe our names and affix our seals this, the 29th day of December, 1943.

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, on petition of Southern Railway Company, a Corporation, one of the Justices of the Supreme Court of Appeals of Virginia, has allowed a writ of error and supersedeas to a judgment of the Circuit Court of Amherst County pronounced on the 9th day of August, 1943, in the cause therein pending of W. T. Thomas & Company vs. Southern Railway Company.

"Now, if the said Southern Railway Company shall well and truly and faithfully discharge and perform and satisfy the said judgment in case the said judgment be affirmed, or the appeal, writ of error or supersedeas be dismissed, and shall also pay all damages, costs and fees, which may be awarded against or incurred by it in the appellate Court, and all actual damages incurred in consequence of said

supersedeas, according to law, then the above obligation to be void, otherwise to remain in full force and virtue.'

SOUTHERN RAILWAY COMPANY
By Samuel H. Williams    (Seal)
Attorney-in-fact

AMERICAN SURETY Co.    (Seal)
K. D. Scott, Attorney-in-fact

Seal of
AMERICAN
SURETY COM-
PANY OF
NEW YORK."

On the last mentioned date, there was recorded, in the clerk's office of Amherst county, a "Limited Power of Attorney," which contained the following pertinent paragraph:

"KNOW ALL MEN BY THESE PRESENTS: That the American Surety Company of New York, a Corporation of the State of New York, of No. 100 Broadway, in the City of New York, in said State, has made, constituted and appointed, and by these presents does hereby make, constitute and appoint JAMES A. SCOTT and K. D. SCOTT, of LYNCHBURG, CAMPBELL COUNTY, VIRGINIA, each, its true, sufficient and lawful attorney, with full power and authority to make, execute, attach its corporate seal thereto, and deliver, for it, in its name and in its behalf, as surety at Lynchburg, aforesaid, bonds, undertakings, or obligations as follows: * * *." (Then follows a limitation of the amount of such bonds, and the signature and seal of the American Surety Company of New York.)

The defendants in error have filed a motion to dismiss the writ of error on the ground that no appeal bond has been given, in that the person executing the purported appeal bond, as attorney in fact for the surety named therein, acted without authority. In addition, they allege certain defects

in form relating to the signature of the surety and the manner of the signature of the attorney in fact.

Our review of the decree and proceedings in the trial court is wholly dependent upon compliance by the plaintiff in error with the statutory and mandatory procedural requirements for an appeal. Unless the plaintiff in error has given a bond with approved surety, the writ of error cannot take effect.*

The power of attorney expressly authorizes James A. Scott "of Lynchburg, Campbell County, Virginia," to act in the name and behalf of the American Surety Company of New York, "as surety at Lynchburg," in executing bonds and obligations. The words "as surety at Lynchburg" are not merely descriptive. They are clearly limitative, restrictive, and confining. They limit the authority granted to Lynchburg and Lynchburg alone. The attorneys in fact had already been described as "of Lynchburg, Campbell County, Virginia." There was no need to employ for the second time the words "at Lynchburg" for any purpose other than to define the territorial limit of the authority granted.

It is elementary that to bind the surety authority to execute a bond in its name must have been given to its attorney in fact.

"An act done by an attorney in fact which is not authorized by the power under which he acts is a nullity." *Bank of Marion* v. *Spence*, 155 Va. 51, 154 S. E. 488.

The attorney in fact lacked the necessary authority from his principal to execute the instrument in Amherst county as a bond binding the American Surety Company of New York. Under his power of attorney, he had no more authority in Amherst county than he had in the District of Columbia or in the State of Oregon.

---

*Section 6351. "Except where an appeal, writ of error or supersedeas is proper to protect the estate of a decedent, infant, convict or insane person, or to protect the interest of any county, city or town, of this Commonwealth, the same shall not take effect until bond *with surety* approved by the trial court, or its clerk be given or filed in the clerk's office of the trial court, * * * ." (Italics ours.)

The plaintiff in error contends that "the deficiencies in the bond, if any," were waived by the failure of the defendants in error to give notice of such defects until after the statutory period for giving the bond had elapsed.

The written instrument here under consideration was not merely defective as to its recitals or conditions, as were the bonds considered in *Virginia Fire, etc., Ins. Co.* v. *New York Carousal Mfg. Co.*, 95 Va. 515, 28 S. E. 888, 40 L. R. A. 237; *Northern Neck Mut. Fire Ass'n* v. *Turlington*, 136 Va. 44, 116 S. E. 363. It was not such an appeal bond as is required by the statute. It was wholly void and insufficient as to the surety. In fact, there was no surety. As an appeal bond it was void without a surety, and the writ of error and supersedeas were ineffective without a valid bond.

It does not here appear that the defendants in error led the plaintiff in error to believe that they abandoned their right to attack the validity of the bond, that they acquiesced in its sufficiency, or did anything to mislead or entrap their opponent into a position of false security. The principles involved in *Harris* v. *Harrington*, 180 Va. 210, 22 S. E. (2d) 13, and cases involving similar questions are not in point.

No notice of the execution of the appeal bond was given or required to be given to the defendants in error. They discovered, through inquiry, that the purported bond had been given. Their further investigation disclosed the situation relating to the power of the attorney to act for the alleged surety.

On January 17, 1944, they notified counsel for the plaintiff in error of their objection to the alleged bond, and of their intention to move this court, on January 20, 1944, to dismiss the writ of error for the reasons assigned. Certified copies of the alleged bond and the power of attorney were furnished therewith.

This court convened, for its first session in 1944, on January 17th, and the motion to dismiss was filed on January 20th. The case was not then on the docket, and the record

had not been printed. The defendants in error could not have made their motion to the court before the time to execute the bond had expired. They were not required to see that the plaintiff in error had effected its appeal by executing a bond, or to advise it that it had not given a valid bond.

The motion to dismiss is controlled by the rules and principles stated in *Brooks* v. *Epperson*, 164 Va. 37, 178 S. E. 787; *Clinch Valley Lbr. Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S. E. 440; *Forrest* v. *Hawkins*, 169 Va. 470, 194 S. E. 721; and *Covington Virginian* v. *Woods*, ante, p. 538, 29 S. E. (2d) 406.

The statement of Mr. Justice Eggleston in *Clinch Valley Lbr. Corp.* v. *Hagan Estates, supra,* approved in the subsequent cases, aptly applies with equal force here:

"We are not here confronted with a mere technical defect which could subsequently be corrected. The bond given within the limitation period was not merely voidable, but void. The statute in plain terms requires an obligation 'with surety'. Here there was none."

The required bond not having been given with surety, we are without jurisdiction to review the judgment complained of.

The writ of error must be dismissed.

*Dismissed.*