# Richmond

## P. J. Ness v. Leatha Manuel.

March 1, 1948.

Record No. 3283.

Present, Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*Eastwood D. Herbert,* for the plaintiff in error.

*Ralph T. Baker* and *Frank H. Pitchford,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Mrs. Leatha Manuel, while riding as a passenger in an automobile driven by her husband, was badly injured when their car collided with another driven by P. J. Ness. To review the verdict and judgment which Mrs. Manuel recovered against Ness, in an action for damages for her injuries, we awarded Ness a writ of error, without supersedeas, conditioned upon the execution of a bond in the penalty of $300, required by Code, section 6351, as amended by the Acts of 1934, ch. 132, p. 173.

On June 24, 1947, there was executed and filed in the clerk's office below a purported appeal bond on behalf of "P. J. Ness, principal, and Maryland Casualty Company, surety," in the prescribed penalty and conditioned as the law directs.

The instrument was signed thus:

"P. J. Ness
"By Eastwood D. Herbert, Atty.    (Seal)

"Maryland Casualty Company
"By Geo. W. Phillips
"Attorney-in-Fact"    (Corporate seal)

On July 20th or 21st, approximately a week after the expiration of the period during which a bond should have been executed, counsel for the defendant in error ·discovered that the purported bond had been executed and filed in the clerk's office. They immediately inquired of Mr. Herbert, counsel for the plaintiff in error, whether he had a sealed power of attorney to execute the purported bond on behalf of his principal, P. J. Ness. Upon being told that there was no such power of attorney, counsel for the defendant in error notified counsel for the plaintiff in error that a formal motion would be filed in this court to dismiss the writ of error, on the ground that the purported bond was fatally defective.

On August 27th a formal written motion to dismiss, on the ground stated, was filed in the clerk's office of this court and was brought to our attention at the next session. We reserved action on the motion to dismiss until the case was heard on the merits, at which time the motion was fully argued.

In *Forrest* v. *Hawkins*, 169 Va. 470, 194 S. E. 721, we held that a purported appeal bond, executed on behalf of the principal by his agent, but without a sealed power of attorney, was fatally defective, since it was not the "bond" of either the principal or the agent. We there said that under Code, section 6351, as amended, except in the instances specified in the statute, "before the appeal or writ of error or supersedeas shall become effective, there must be given or filed in the clerk's office a 'bond,'—that is, a sealed instrument, not merely a written instrument,—which must be signed by (1) a principal, who may be either the 'appellants or petitioners, or one or more of them, or some other person,' and (2) an approved surety;" that "the right of appeal is statutory and that the requirements of this section must be complied with." (169 Va. 475.)

■ Code, section 6355 (as amended by Acts 1922, ch. 174, p. 368, Acts 1926, ch. 10, p. 19, Acts 1938, ch. 76, p. 135), requires that, "The appeal, writ of error or supersedeas shall be dismissed" if a proper bond be not given in

the required time. This provision is mandatory. *Richardson* v. *Shank*, 155 Va. 240, 242, 154 S. E. 542.

For a further discussion of the subject, see *Clinch Valley Lbr. Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S. E. 440, and *Southern Ry. Co.* v. *Thomas*, 182 Va. 788, 30 S. E. (2d) 575, where our earlier cases are collected.

We find in the record no support for the contention of the plaintiff in error that the defective bond was waived. On June 12th counsel for the defendant in error accepted service of the writ, on which there was no endorsement to indicate that the required bond had been given. No notice of the later execution of the purported bond was given to the defendant in error, or to her counsel.

Counsel for the defendant in error say, and it is not controverted, that although from time to time they examined the records in the clerk's office to ascertain whether the required bond had been given, they did not in fact learn of the execution of the purported bond until after the expiration of the period for the giving of a proper bond. As has been said, as soon as they learned that the purported bond had been executed, and that the necessary power of attorney was lacking, they immediately called the attention of opposing counsel to the fatal defect in the instrument and advised him of their intention to rely thereon.

Counsel for the defendant in error in no way led opposing counsel to believe that they acquiesced in the sufficiency of the purported bond, or that they had abandoned their right to attack its validity. See *Southern Ry. Co.* v. *Thomas*, *supra* (182 Va., at page 794, 30 S. E. (2d), at page 577).

Compare *Harris* v. *Harrington*, 180 Va. 210, 22 S. E. (2d) 13, and cases there collected, for the principles governing the waiver of a defective appeal bond.

The required appeal bond not having been given within the period fixed by the statute, the writ must be dismissed.

While the conclusion we have reached makes it unnecessary to discuss the merits of the case, it may not be amiss to

say that upon a careful consideration of the record we are of opinion that the judgment would have to be affirmed. There is ample evidence to support the verdict and judgment and we perceive no reversible error in the record.

*Dismissed.*