# Richmond

## William H. Dozier v. Charlotte Morrisette.

### April 23, 1956.

### Record No. 4518.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*John S. Rixey* (*Rixey & Rixey* on brief), for the plaintiff in error.

*C. Dodson Morrisette*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Mrs. Morrisette, hereinafter called plaintiff, was awarded a judgment based upon a jury verdict against Dozier, hereinafter called defendant, for personal injuries sustained in an automobile collision.

Defendant first moved the court to set the verdict aside and enter final judgment in his favor on the ground that a preponderance of the evidence established the fact that the collision occurred on his side of the highway. Later he moved that the verdict be set aside and a new trial granted on account of the misconduct of the jury. Both motions were overruled and we granted defendant a writ of error in order to review these rulings which are the basis of the assignments of error.

[■] The case involved a daytime collision between two motor vehicles going in opposite directions. At the point of collision the highway was of asphalt surface, 18 feet wide, running generally north and south, and at the time of the happening the highway was wet.

Plaintiff was driving a passenger car going north and defendant was driving a pick-up truck going south. At the point of impact the road was straight, with a solid white line marking its center. After the accident defendant's truck came to rest with both front wheels in the ditch on his right hand side of the road, the rear extending back on the hard surface. Plaintiff's car stopped a short distance north of defendant's truck, partly on the hard surface and partly on the shoulder on its right hand side of the road, completely turned around and headed south. Thus the sole issue was: Which vehicle was on the wrong side of the road at the time of the collision?

The party driving on the wrong side of the highway at the time of the collision (with certain inapplicable exceptions) was guilty of negligence as a matter of law. § 46-220, Virginia Code, 1950. Mrs. Morrisette testified that as the Dozier truck came in sight it was on its wrong side of the road, across the white line, and continued to travel in that manner until it struck her car. On the other hand, Dozier and his son, who accompanied him, testified that plaintiff's automobile was on the wrong side of the highway at the time of the impact.

There were only three eye-witnesses to the collision, the plaintiff, the defendant, and his son. There was other evidence as to the position of the vehicles, marks on the highway, etc., given by witnesses who arrived at the scene after the collision.

Defendant contends that the preponderance of the evidence was in his favor. While the evidence was close and conflicting, in our view the question of whether or not the plaintiff sustained the burden of proof was for the jury. *Interstate Veneer Co.* v. *Edwards,* 191 Va. 107, 114, 60 S. E. 2d 4, 8. If the jury's verdict is supported by competent evidence, it is final and conclusive, and cannot be disturbed by the trial court or by this court. *Atlantic Greyhound Corp.* v. *Shelton,* 184 Va. 684, 36 S. E. 2d 625.

We are of the opinion, therefore, that there is no merit in the first assignment of error.

The second assignment asserts that the trial court should have sustained defendant's motion to set aside the verdict and grant a new trial on account of the misconduct of the jury.

The factual basis for this motion grows out of a conversation between the members of the jury and one Whitehurst, an insurance agent whose company carried the risk on both vehicles. The affidavit filed by defendant disclosed that at the completion of the evidence and while the court and counsel were considering instructions, the jury was permitted to retire to the court green. While standing in a group a conversation took place between Whitehurst and members of the jury on the subject of insurance. In the conversation Whitehurst informed the jurors, among other things, that his company carried the risk on both vehicles.

Thereafter the jury was called back into the court room, received instructions from the court, heard argument of counsel, and retired to consider its verdict. After some deliberation it returned to the court room and announced that an agreement had not been reached;

whereupon the court suggested that it further consider the case, and a verdict for the plaintiff was later returned.

Thereupon, defendant moved that the verdict be set aside and final judgment entered in his favor on the ground that the verdict was contrary to the law and the evidence and without evidence to support it. The motion was taken under advisement and later overruled. This ruling constitutes the assignment of error heretofore dealt with.

Only the members of the jury and Whitehurst had knowledge of the conversation regarding insurance until after the verdict. The attorney for defendant did not learn of the incident until several days thereafter; whereupon he filed the aforementioned affidavit reciting the circumstances, together with a motion that the verdict be set aside and a new trial granted.

Upon the filing of the affidavit, the learned trial judge properly had Whitehurst and the jurors summoned before him. They were sworn in open court and duly examined by the court and counsel as to what had transpired. *Kearns* v. *Hall,* 197 Va. 736, 91 S. E. 2d 648. The examination developed that Whitehurst, without authorization, and beyond the scope of his authority, communicated with the jury, going into detail regarding the insurance coverage and his attempt to settle medical and other claims with the parties. It further developed that the conversation and the subject of insurance were fully discussed by the jurors in the jury room while they had the case under consideration.

After hearing the evidence the court overruled the motion and entered judgment on the verdict. This ruling constitutes the remaining assignment of error.

We are mindful of the rule that generally the testimony of jurors is inadmissible to impeach their verdict and that exceptions to the rule are rare. *Danville Bank* v. *Waddill's Adm'r.,* 31 Gratt. (72 Va.) 469; *Manor* v. *Hindman,* 123 Va. 767, 97 S. E. 332; 19 M. J., Verdict, § 34, pp. 524, 525. We, however, subscribe to the exception that private communications, possibly prejudicial, between jurors and third parties, are forbidden and invalidate the verdict unless their harmlessness is made to appear. *Pitchford* v. *Commonwealth,* 135 Va. 654, 668, 115 S. E. 707; *Kearns* v. *Hall, supra; Mattox* v. *United States,* 146 U. S. 140, 150, 13 S. Ct., pp. 50, 53, 36 L. ed. 917, 921.

The vital issue before the jury in the instant case was whether or not the defendant was on the right or wrong side of the road, and the closeness of the evidence on this question demands that it be care-

fully considered in order that justice be obtained. Evidence of the involvement of liability insurance was irrelevant and would have been inadmissible. *Irvine* v. *Carr*, 163 Va. 662, 668, 177 S. E. 208; *Highway Express Lines* v. *Fleming*, 185 Va. 666, 672, 40 S. E. 2d 294, 297.

It is argued by plaintiff that § 8-487 of the Code requires that the verdict be not disturbed. That section provides, *inter alia*, that no judgment shall be arrested or reversed "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached". We have held that this statute goes to the limit of harmless error. It will be noted that the statute contains no presumption that an error is harmless. It only applies where it plainly appears that a fair trial on the merits has been had and that substantial justice has been reached. In this instance we can neither say that a fair trial has been had nor that substantial justice has been reached. *Irvine* v. *Carr, supra*, (163 Va., at pp. 668, 669.)

It is next argued that if a new trial is granted there will be no assurance that Whitehurst or someone else will not repeat the misconduct complained of. The record is silent as to what action the trial court took regarding the reprehensible behavior of Whitehurst. However, it is within the power of the trial court to administer such punishment as will make a recurrence unlikely.

It is next suggested that neither the defendant nor the insurance company should be permitted to profit by the misconduct of the agent. Suffice it to say that it is not contended that Whitehurst was authorized by his company or the defendant to enter into the conversation. Neither had any knowledge of the occurrence until days after it happened. Under such circumstances they cannot be held responsible for the acts of an agent, which acts must be conceded to have been beyond the scope of his authority. *Blair* v. *Sheridan*, 86 Va. 527, 10 S. E. 414; *Southern Ry. Co.* v. *Thomas*, 182 Va. 788, 30 S. E. 2d 575.

For the reasons stated the judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*