KRAUSE, Appellant, v. HOLAND and others, Respondents.

*November 29, 1966—January 3, 1967.*

212

For the appellant there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

For the respondents Ivar Holand, Pearl Holand, Swanhild Johnson, Harold Holand, Mary Holand, and Vallee Ditchen there was a brief by *Stephan & Kirkegaard* of Sturgeon Bay, and oral argument by *Edwin C. Stephan.*

For the respondent Joseph Jungwirth there was a brief and oral argument by *Thorval T. Toft* of Sturgeon Bay.

GORDON, J. When one has clearly established the terms of his contract to buy real estate, he is entitled to specific performance which is not to be denied by judicial arbitrariness. *Heins v. Thompson & Flieth Lumber Co.* (1917), 165 Wis. 563, 573, 163 N. W. 173. However, if the essential terms of the contract are not established with clarity, it is a proper prerogative of a court of equity to deny specific performance. In *Fontaine v. Riley* (1926), 189 Wis. 226, 235, 207 N. W. 256, the court said:

"However, a contract of this kind requires not only a reasonably accurate description in order that specific performance may be decreed, but the other essential terms of the contract must also be shown by clear, satisfactory, and convincing evidence."

Similar expressions are found in *Estate of Shinoe* (1933), 212 Wis. 481, 487, 250 N. W. 505, and *Estate of Powell* (1932), 206 Wis. 513, 516, 240 N. W. 122.

Contracts which are vague and uncertain have long encountered judicial unwillingness to grant specific performance. Thus, in *Park v. M., St. P. & S. S. M. R. Co.* (1902), 114 Wis. 347, 352, 89 N. W. 532, it was said:

"At least as early as Lord Eldon's day it was decided that courts of equity would exercise their discretion against undertaking specific enforcement of incomplete contracts, lacking certainty as to essential terms, although the uncertainty existed by reason of defendant's fault. *Wilks v. Davis,* 3 Mer. 507. That view has been followed with surprising unanimity by courts since."

In *Dewey v. Spring Valley Land Co.* (1897), 98 Wis. 83, 86, 73 N. W. 565, the court stated that for specific performance "the contract sought to be enforced must be fully and clearly proved in all its parts."

The trial court declined to grant specific performance in the case at bar and, in our opinion, such determination was correct. The transaction is replete with gaps and uncertainties, all of which vigorously militate against the plaintiff's claim to specific performance.

There is a serious doubt that the contract has been "subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent." Sec. 240.08, Stats. Although there were four owners, the written receipt was signed only by Ivar Holand. To that extent the receipt may have been sufficient to bind him as an owner of an undivided one-fourth interest; however, it is apparent that the negotiations were designed to involve the interests of all the owners of this property.

At the time that the contract was made, Ivar Holand did not have written authority to bind his brother and sisters. However, parol authority may create an agency relationship which will permit the agent to bind the principal by a written contract to sell real estate, but such parol authority must be clear and express. In *Lauer v. Bandow* (1878), 43 Wis. 556, 563, involving an analogous situation, Mr. Chief Justice RYAN stated: "Parol agency to charge a principal's realty ought to be express,

and clearly established." To the same effect see *Challoner v. Bouck* (1883), 56 Wis. 652, 14 N. W. 810.

The existence of parol authority in the case at bar is far from certain. Portions of an adverse examination of one of the sisters, Vallee Ditchen, were introduced into evidence, but her testimony is inconclusive on the question of whether she gave parol authority to Ivar Holand to act as her agent. Evidence by the other owners was not presented at the trial.

Not only is there sparse evidence to establish authority in Ivar Holand from his siblings, but there is even less in the record to indicate that the wives of Ivar Holand and Harold Holand designated Ivar Holand as their agent to contract away their dower rights. We recognize that specific performance will not necessarily be denied when dower rights remain outstanding. *O'Malley v. Miller* (1912), 148 Wis 393, 134 N. W. 840. Nevertheless, the absence of clear authorization on the part of the wives of two owners detracts from the persuasiveness of the plaintiff's demand for equitable relief.

In our opinion, the record does not warrant the finding that Ivar Holand had either written or parol authority to bind the other interested sellers to the contract which the plaintiff seeks to enforce. This is true notwithstanding the fact that the other three heirs subsequently signed deeds and engaged in correspondence alleged to show an agency (none of which material is now available).

There is also a doubt relating to the description of the land to be sold. Mrs. Krause testified that the words "Down payment on H. R. Holand Estate. About 15 acres" were placed on the receipt at the time it was executed and delivered. Ivar Holand, however, testified that the first time he saw these words was at the adverse examination of Mr. Krause. The trial court acknowledged this dispute but did not resolve it, and this court is left with uncertainty as to whether the property to be sold was adequately described. If Ivar Holand's testimony on this

point were accepted as true, there was no identification of the property to be sold and the agreement would not be enforceable.

On the other hand, if the notation was on the receipt at the time of delivery, it would have been a sufficient description to comply with sec. 240.08, Stats. *Wiegand v. Gissal* (1965), 28 Wis. (2d) 488, 492, 137 N. W. (2d) 412, 138 N. W. (2d) 740. The evidence shows that this was the approximate acreage of the only land in the H. R. Holand Estate. *Kuester v. Rowlands* (1947), 250 Wis. 277, 26 N. W. (2d) 639; *Spence v. Frantz* (1928), 195 Wis 69, 217 N. W. 700.

The carbon copy of the receipt contained the words "Subject to securing a loan by 8/31/64. Otherwise down payment will be refunded." In our opinion, this clause rendered the contract illusory, as we held in *Gerruth Realty Co. v. Pire* (1962), 17 Wis. (2d) 89, 115 N. W. (2d) 557. The record does not show with any clarity what the parties had in mind concerning the details of the financing provision at the time the receipt for the $200 was executed. Although there was no apparent understanding on the point between the buyer and the seller, plaintiff's Exhibit 14 suggests that 100 percent financing was sought by Mr. Krause.

Defendant's Exhibit 8-H strikingly demonstrates that there was no finality to the question of financing even after the deadline of August 31, 1964. Ivar Holand testified that Mr. Krause advised him on October 3, 1964, that the deal was off because he could not raise the money; until such date, it would seem that both parties treated the contract as uncertain because of the financing condition.

In his article entitled Problems and Practices with Financing Conditions in Real Estate Purchase Contracts, 1963 Wisconsin Law Review, 566, Professor Raushenbush discusses the *Gerruth Case* and its effect upon releasing a seller from an agreement even though a financing

clause is ordinarily inserted for the buyer's benefit. At page 613 the author states:

"If *Gerruth* means what it says, a financing condition containing no detail at all is void for indefiniteness. Therefore, it should follow that a seller who wants to do so (because of a better offer, for example) can avoid the deal even if the buyer protests that the condition was put in for his benefit and that he waives it and will pay cash."

The subsequent sale which was arranged with Mr. Jungwirth was for the same sales price that had been previously negotiated with Mr. Krause.

Since we are persuaded that equity cannot and should not enforce this contract, it is unnecessary to consider whether Mr. Jungwirth qualified as a *bona fide* purchaser.

*By the Court.*—Judgment affirmed.