BENTON, J.,
dissenting.
Eighteen days after the trial judge entered the final conviction order, Johnson sought an evidentiary hearing on his motion for a new trial. I would hold that the trial judge abused her discretion in refusing Johnson’s request for an evidentiary hearing in support of his motion for a new trial.
The record indicates the grand jury issued indictments alleging that “Mustafaa Johnson a/k/a ‘Kat Anderson’ or ‘Cat’ ” distributed cocaine on seven different occasions. The record also reflects that the trial judge entered a pretrial discovery order that contained the following:
It is further ORDERED that the attorney for the Commonwealth turn over or otherwise make available to the accused any and all evidence or information within the possession, custody or control of the Commonwealth which tends to exculpate the accused, including any statements of material witnesses that are inconsistent or which become inconsistent at the time such witness testifies at trial.
At trial, a “state informant ... working with the drug task force” testified that on six different days (July 9, July 23, August 9, August 20, October 15, and October 29), he was searched and then directed by Investigator Vaughan to Sutherland Avenue where he met a man and purchased cocaine from that man. The state informant, who had not been convicted of a felony or a misdemeanor for lying, stealing or *47 cheating, testified that he could not identify Johnson as the man, known as “Cat,” who sold him cocaine. The trial judge granted Johnson’s motion to strike the evidence as insufficient to support those six charges.
Significantly, despite the mandate of the pretrial discovery order, the prosecutor did not disclose that the state informant could not identify Johnson to be the man who sold cocaine to the informant on six separate occasions. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 627-28, 1 L.Ed.2d 639 (1957) (holding that fundamental fairness requires disclosure of an informer’s identity or the content of the informer’s communication when it “is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause”). Instead, the prosecutor simply allowed the state informant to disclose this fact at trial, and, in doing so, deprived Johnson of the opportunity to use this exculpatory evidence to its full advantage.
At trial, the prosecutor relied solely upon the testimony of another informant, Linda Jones, to prove the events relating to the seventh event, which the indictment alleged to have been a cocaine sale on November 28. The record establishes that prior to trial the prosecutor also failed to disclose evidence concerning Jones’s prior convictions and violation of her probation. Both had a significant bearing on her credibility and bias. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963); United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985) (holding that “impeachment evidence ... as well as exculpatory evidence falls within the Brady rule”).
Denying Johnson’s attorney the opportunity to know in advance this impeachment evidence, the prosecutor disclosed it by having Jones testify at trial that she has been convicted five times of felonies and that she acts as an informant for various police entities. A police officer testified that Jones was being paid $50 for her court appearance. The officer also testified that Jones was not shown photographs of Johnson before his arrest. The officer testified he ascertained Johnson *48 was the seller “by the nickname he was going by, by Cat.” Jones then identified Johnson at trial as the person known as “Cat” and testified that Johnson sold cocaine to her on November 28. Obviously, if Johnson had been given this impeachment information pre-trial (and told of the other informant’s inability to identify him), he could have used it to prepare his cross-examination of Jones. See Barker v. Commonwealth, 230 Va. 370, 376, 337 S.E.2d 729, 733 (1985) (holding that “[o]ne purpose of cross-examination is to show that a witness is biased and his testimony unreliable because it is induced by considerations of self-interest”); Hewitt v. Commonwealth, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984) (noting that the Supreme Court of Virginia has “consistently held that the right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute”); Keener v. Commonwealth, 8 Va.App. 208, 213, 380 S.E.2d 21, 24 (1989) (holding that failure to disclose information about an informer who was an active participant in the event will almost always be material to the accused’s defense).
In connection with his motion for an evidentiary hearing, Johnson’s attorney filed an affidavit from an investigator asserting that a show Cause order, requiring Jones to demonstrate why she should not be remanded to prison for twenty-five years, was served on Jones two weeks before the day she alleges Johnson sold her cocaine. The affidavit further asserts that Jones has used four different names and two different social security numbers and that a police officer would testify that Jones has a reputation for untruthfulness and dishonesty. During argument on his motion, Johnson’s attorney additionally proffered he was not aware that Jones would testify at trial, that he had not been given a report of Jones’s criminal record, that a police officer would testify that Jones stole money from him, that the evidence would establish Jones implicated Johnson as a means of avoiding a prison sentence, and that this evidence would tend “to show [Jones] has perjured herself on the stand ... and ... goes to impeachment of testimony on the stand.”
*49 In response, the prosecutor admitted that Jones’s formal conviction “record today ... doesn’t show any felony convictions.” The prosecutor represented to the judge that he “knew from prior times [when she testified] that she had four prior felonies because [he] had repeatedly pulled the records.” The record indicates, however, that Jones testified she had been convicted of five felonies. The prosecutor also confirmed that Jones “worked as an undercover person in Mecklenburg County,” and he observed “that some police department officials feel she is reliable. Some don’t.”
The standards for granting a motion for a new trial are well established.
Motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance____The applicant bears the burden to establish that the evidence (1) appears to have been discovered subsequent to trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (8) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.
Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387 (1984). The rule is also well established that allegations in an affidavit may be sufficient to require the judge to conduct an evidentiary hearing on a motion for a new trial. See Commercial Union Ins. Co. v. Moorefield, 231 Va. 260, 265, 343 S.E.2d 329, 333 (1986); Evans v. Commonwealth, 39 Va.App. 229, 239-40, 572 S.E.2d 481, 486 (2002).
There are cases in which a convicted person’s entitlement to a new trial is apparent from facts conceded to be true or on the record alone. Where, however, a convicted person’s entitlement to a new trial turns on facts that are disputed, the convicted person has the burden to establish entitlement. In this latter class of cases, the accused ordinarily must be given the opportunity to introduce evidence to support the motion. *50 See e.g. Dozier v. Morrisette, 198 Va. 37, 40, 92 S.E.2d 366, 368 (1956) (holding that the trial judge “properly” held a hearing in view of the affidavit in support of a motion for a new trial); Evans, 39 Va.App. at 240, 572 S.E.2d at 486 (holding that “the trial judge should not have dismissed [the] motion [for a new trial] without first conducting an adequate investigation upon evidence properly presented at a hearing”).
In this case, the proffer was sufficient to establish that Johnson could present evidence probative of the issues the trial judge was required to determine in ruling on Johnson’s motion for a new trial. The proffer and the record demonstrate that “[t]he evidence could not have been discovered prior to trial even through the exercise of reasonable diligence and could, if believed, have produced a different result at another trial.” Whittington v. Commonwealth, 5 Va.App. 212, 215, 361 S.E.2d 449, 451 (1987). In addition, and pertinent to the determination whether to grant a new trial, the proffer established that “the witness sought to be impeached is ‘the key prosecution witness.’ ” Id. at 216, 361 S.E.2d at 452.
In view of the proffer, the prosecutor’s unsubstantiated vouching for the accuracy of Jones’s testimony about her criminal record, and the undisputed failure of the other prosecution witness to identify Johnson as the same “Cat” who sold him cocaine on six separate occasions, I believe Johnson was entitled to the opportunity to present evidence in support of his motion for a new trial. Thus, I would hold that the trial judge abused her discretion in refusing to suspend the judgment, see Rule 1:1, and in failing to order an evidentiary hearing.