## CIRCUIT COURT OF FAIRFAX COUNTY

Keller

    v.

Gay

March 29, 1989

Case No. (Law) 88352

By JUDGE THOMAS J. MIDDLETON

Section 8.01-127 entitled "Removal of Action," provides that in cases removed to Circuit Court which involve unlawful detainer, removal is conditioned upon the tenant giving security for all rent which has accrued and may accrue upon the premises, but not for more than one year's rent. It is clear that $5,000.00 does *not* satisfy the above requirement of "all rent which has accrued and may accrue," especially where the monthly rent is approximately $1,000.00 per month, and this case will not come to trial until fourteen months after the damages began to accrue.

Although there is no express provision allowing the Circuit Court to increase the bond set by the General District Court under § 8.01-127, there is language under Section 16.1-92 and § 16.1-114.1 which could be so interpreted.

Section 16.1-92, entitled "Removal of Action, involving more than $1,000.00," provides in part:

> On the trial of the case in the circuit court, the proceedings shall conform as nearly as may be to proceedings prescribed by the Rules of Court for other actions at law, but the court may permit all necessary amendments, enter such orders, and direct such proceedings as may be

necessary or proper to correct any defects, irregularities, and omissions in the pleadings and bring about a trial of the merits of the controversy.

Section 16.1-114.1, entitled "Principles applicable in Trial of Appeals and Removals; defective or irregular warrants or motions," provides similar language granting the court of record power to order corrections. It provides in part:

No warrant, motion, or other pleading shall be dismissed by reason of a mere defect, irregularity, or omission in the proceedings in the district court, or in the form of any such pleading, when the same may be corrected by a proper order of the court of record. In any such case, the court of record shall retain the same, with full power to direct all necessary amendments, to enter orders and direct proceedings to correct such defects, irregularities, and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.

Cases interpreting "defects, irregularities, and omissions" under this § 16.1-114.1 involve appeal bonds, not removal bonds, but the language would appear to apply equally to both by virtue of the provision's title. An example of any "omission" was the trial judge's failure to require any appeal bond. *Jenkins v. Bertram*, 163 Va. 672 (1934).

In *Burks v. Three Hills Corp.*, 214 Va. 322 (1973), the Virginia Supreme Court said a "deficient" appeal bond did not require dismissal of the appeal, since Section 16.1-114.1 empowered the Court to correct defects, irregularities, or omissions in the proceedings of a court not of record, and since § 16.1-109 empowers the court of record to require the appellant to give new or additional security. That case involved a misallocation of the cash

paid by the Defendant for the bond so that the full amount was not correctly allocated to reflect the bond payment in full. Thus, there was a "deficient" bond and additional security was required.

Although § 16.1-109 applied only to appeals and not removals as § 16.1-114.1 does, it would seem that where a similar correction to a removal bond would bring this dispute to a trial on the merits and prevent injustice to the rights of one of the parties, a similar power to require additional security for removal bonds would like with this Court by analogy.

It is the conclusion of the Court that the removal bond should be increased to the sum of $12,000.00. The increase should be ordered to protect the landlord's rights as intended under § 8.01-127. Since the bond as set does not comply with § 8.01-127, it could be regarded as a defect in the proceedings under § 16.1-114.1.