## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Heritage Park Apartments

v.

Latanya Rollins

February 29, 1996

Case No. CL96-35

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this unlawful detainer case, the plaintiff landlord was awarded judgment for possession of the leased premises in the general district court, and the question now presented is whether the defendant tenant properly perfected her appeal to this court.

### Procedural Background

The landlord commenced this unlawful detainer action in the general district court. At trial on December 11, 1995, that court entered judgment in favor of the landlord for possession of the premises and $30.00 costs. (No claim for unpaid rent was made.)

According to the original papers from the general district court, counsel for the tenant noted an appeal on the day of trial. The court noted in a "disposition" section of the summons that the appeal bond would be in the amount of "five months rent." On a note attached to the judgment order, that amount was translated as "$500.00 a mo. totaling $2,500.00 plus $61.00 writ tax."

The bond was not posted.

On January 22, 1996, pursuant to the landlord's request, the general district court issued a writ of possession by which officers were to take possession of the premises on January 31, 1996. The tenant's motion to reconsider was denied. The tenant noted another appeal on the day, January 22, 1996, and the general district court set an appeal bond of $380.00. The tenant posted that bond on January 23, 1996. The papers concerning

the January 22, 1996, proceeding were transmitted to the clerk's office of this court.

The landlord filed a motion to dismiss the appeal. The motion was heard on February 26, 1996.

## The Applicable Legal Principles

In its motion to dismiss the appeal, the landlord asserted that the tenant failed to appeal the judgment for possession awarded on December 11, 1995. However, after further review of the general district court papers, it appears from notations on (and attached to) the judgment order that the tenant did note an appeal on the day of trial, pursuant to Virginia Code § 16.1-106.

However, the landlord is correct that the appeal was not perfected because no appeal bond was posted. The lower court set bond at $2,500.00 on December 11, 1995, and the tenant concedes that she never posted it. Therefore, the tenant did not comply with the mandatory requirements of § 16.1-107 and § 8.01-129.

When the landlord applied for a writ of possession under § 16.1-98, the tenant asked the court to reconsider its original judgment in the case, which was denied, and the writ was issued. The general district court set an appeal bond for that matter of $380.00, which the tenant posted the next day. By that time, however, the time within which the tenant must have posted the $2,500.00 bond to appeal the original judgment had expired, and the thirty-day period within which the tenant must have asked for a new trial under § 16.1-97.1 had expired.

A writ of possession is the statutory equivalent to the common law writ by which a plaintiff is put in possession of land after a judgment for possession has been rendered. *It is in the nature of execution.* See *Black's Law Dictionary* (4th ed. 1951) p. 1326. Hence, an appeal of a *judgment for possession* cannot be perfected by appealing the post-judgment issuance of a *writ of possession.* Such a procedure would be analogous to attempting to attack a judgment by appealing the judgment creditor's effort to satisfy the judgment by writ of fieri facias or garnishment.

Based on representations of counsel at the hearing in this court on February 26, 1996, it is clear that the tenant is indeed attempting to appeal the lower court's original decision of December 11, 1995. The appeal is not directed to alleged irregularities in the writ of possession itself. Because no bond was posted in connection with the underlying judgment, an appeal of the issuance of writ of possession and the posting of an appeal

bond with reference to that proceeding is ineffectual as an attempt to attack the original judgment.

Nonetheless, the tenant argues that this court can allow her to post her bond belatedly. She cites § 16.1-109 and *Burks v. Three Hills Corp.*, 214 Va. 322 (1973).

The statute cited permits the circuit court to require the appellant to give "new or additional security." In *Burks*, the Supreme Court held that the statute empowers, even obligates, the circuit court to correct "a mere defect, irregularity, or omission" in an appeal bond. However, neither the statute nor the cases interpreting the statute authorize the circuit court to permit an appellant to post a bond where *no* bond at all was timely made. Pursuant to § 8.01-129, a bond with sufficient surety must be posted within ten days of the *date of the judgment* in any unlawful detainer appeal. (Compare with general appeal statute, § 16.1-107.) See also Friedlander, *Virginia Landlord-Tenant Law* (1992) pp. 455-456.

### Conclusion

For the reasons explained, the court is of the opinion that the appeal of the lower court's judgment for possession was not perfected, and this court has no authority to perfect it now by allowing a bond to be posted long after the judgment order was entered. Thus, the appeal must be dismissed. The case will be remanded to the general district court so that the landlord may proceed to execute on the judgment by writ of possession.