# Richmond

RALPH JENKINS v. H. W. BERTRAM, JUDGE, AND W. L. SHEETS.

November 15, 1934.

Present, All the Justices.

The opinion states the case.

*George S. Harnsberger,* for the plaintiff in error.

*Charles A. Hammer,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This is an application to this court for a writ of prohibition. The case is as follows:

Ralph Jenkins, the petitioner, on the 5th day of December, 1931, recovered a judgment against respondent, W. L. Sheets, before F. J. Argenbright, a justice of the peace of Rockingham county, for the principal sum of $78.50. Upon the rendition of the judgment, Sheets, in the presence of Jenkins, applied for and was allowed an appeal to the Circuit Court of Rockingham county. The warrant was promptly delivered, pursuant to the statute, to the clerk of the circuit court. It bore this notation: "Upon application of defendant *for* an appeal was taken to the circuit court of this county, and granted. Given under my hand this 5th day of December, 1931. F. J. Argenbright, J. P." In accordance with the provisions of section 6028, as amended by Acts 1930, ch. 169, Sheets paid to the clerk the required writ tax and the sum of $4 on account of costs. Thereupon the appeal was docketed by the clerk.

██ Subsequent to the expiration of the ten day period in which an appeal could be taken, the petitioner made written request of the clerk to return the warrant and exhibits filed therewith, to the justice of the peace, for the reason that the appeal was allowed contrary to the provisions of section 6027 of the Code, as amended by Acts 1924, chapter 437, which provides, in part, that when an appeal is allowed, security shall be required of the defendant for the payment of such judgment and costs as may be awarded against him. The clerk declined to accede to petitioner's request.

Nothing further was done in connection with the case until the Honorable H. W. Bertram, judge of the circuit court, in making up the docket for his court for the April, 1934, term thereof, set the case for trial on the 19th of April, 1934.

On Monday, April 16th, that being the first day of the court, petitioner by counsel moved the court to dismiss the appeal, on the ground that the same had not been legally and properly perfected, for the reason "that the said William L. Sheets did not offer any surety, nor did the justice require any surety, as is shown by the papers in this cause,

for the payment of the judgment and costs, recovered by the plaintiff against the defendant * * *."

The court overruled the motion to dismiss the appeal, and thereupon this petition was filed, the object of which is to prohibit the Circuit Court of Rockingham county from further proceeding in the trial of the case.

 That it was the duty of the magistrate, before allowing an appeal, to require execution on the part of the defendant of an appeal bond, may be conceded. The question then arises, does this omission upon the part of the magistrate oust the circuit court of its jurisdiction in the premises?

Counsel for the petitioner has cited a number of cases from other jurisdictions to the effect that such is the effect of the failure of the magistrate to require security for the payment of the judgment and costs. In our opinion, the cases are not in point, for the reason that in none of the States referred to is there a statute corresponding to our statute, section 6018 of the Code. That section reads:

"Appeals under section six thousand and twenty-seven from justices and warrants removed under the preceding section shall be tried according to the principles of law and equity, and where the same conflict the principles of equity shall prevail. No warrant shall be dismissed by reason of the mere defects, irregularities, or omissions in the proceedings before the justice, or in respect to the form of the warrant, where the same may be corrected by a proper order of the court; but the court to which the appeal is taken, or the warrant removed shall retain the same, with full power to direct all necessary amendments, to enter such orders and direct such proceedings as will tend to correct the defects, irregularities, and omissions aforesaid, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. This statute shall be liberally construed, to the end that justice be not delayed or denied by reason of errors in the warrant or in the form of the proceedings; and the court may make such provision as to costs and continuances as may be just."

As we comprehend the statute, it was the duty of the trial court to correct the omission of the magistrate and require the execution of an appeal bond pursuant to the statute allowing appeals, and upon due execution thereof to proceed with the trial of the case "according to the principles of law and equity."

It follows from what has been said that the writ of prohibition must be denied.

*Prohibition denied.*