## Richmond

WALTER R. BURKS v. THREE HILLS CORPORATION.

November 26, 1973.

Record No. 8227.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Poff, JJ.

*William A. Parks, Jr.; Erwin S. Solomon*, for plaintiff in error.

*George J. Kostel (Fletcher D. Watson; Kostel, Watson, Carson & Snyder*, on brief), for defendant in error.

Per Curiam.

Upon a warrant for unlawful detainer seeking possession but not rent, the County Court for Bath County entered judgment on May 15, 1972 for plaintiff Three Hills Corporation (Three Hills) against defendant Walter R. Burks (Burks). Burks, acting *pro se*, noted an appeal, executed bond fixed by the County Court at $100.00, and deposited $100.00 cash in lieu of bond. On June 14, 1972 after the record was transmitted to the Circuit Court of Bath County, the clerk of that court, by notation on the back of the warrant, allocated the cash as follows: "Writ Tax $5.00; Appeal Bond 70.00 held by clerk; Deposit 25.00; Total Paid $100.00". The appeal was properly docketed.

On September 18, 1972 Burks appeared in person and by counsel at docket call. After examining the record, the trial court, upon its own motion, entered an order certifying the case back to the County

Court with instructions to affirm the judgment on the grounds that the Circuit Court was without jurisdiction "for the reason that the bond of $100.00 required by the County Court is insufficient by the amount of $30.00 and . . . the defendant Walter R. Burks did not pay the court costs within thirty (30) days as required by law".

We believe the trial court erred.

The face of the warrant shows the Circuit Court clerk's certification that the writ tax and required deposit were paid.

Code § 16.1-112 (Repl. Vol. 1960), states in pertinent part:

"If within thirty days from the date of the judgment the appellant shall pay to the clerk of the court to which the appeal is taken the amount of the writ tax as fixed by law and costs as required . . . , the case shall be docketed . . ."

This case was docketed in the Circuit Court and the parties came before the court for trial. In light of the clerk's certification and the docketing of the case, we must presume that the writ tax and costs were properly paid.[1]

The trial court was correct in finding a defect in the appeal procedure. The judge of the County Court fixed Burks' bond at $100.00. The clerk of the circuit court certified on the warrant "Appeal Bond 70.00 held by Clerk." But, a deficient appeal bond does not *require* dismissal of the appeal.

Code § 16.1-109 (Repl. Vol. 1960), sets forth procedures by which the trial court may "require the appellant to give new or additional security". In *Jenkins* v. *Bertram*, 163 Va. 672, 177 S.E. 204 (1934), we stated that the statutory predecessor to Code § 16.1-114 (Repl. Vol. 1960), which empowers the trial court to correct "a mere defect, irregularity or omission in the proceedings in the court not of record" imposed a duty upon the court to correct the omission of the magistrate to require an appeal bond. Analogous equitable considerations should govern in this case.

The correction of the $30.00 discrepancy in the appeal bond in this case would not have prejudiced Three Hills' substantive rights. Nor were Three Hills' rights under the County Court's judgment in any

---

[1]At the time the appeal to the circuit court was perfected, Code § 16.1-112 contained a requirement that the appeal be dismissed and the judgment made final if appellant fails to pay writ tax and costs to the clerk of the circuit court within thirty days from the date of the judgment. This requirement was deleted by Acts 1972, c. 585. But, for the reason stated, this requirement is inapplicable to the disposition of this case.

way jeopardized. As the judgment did not award the payment of any sums of money to Three Hills, the sole functional purpose of the bond was to cover court costs and the writ tax required in the circuit court.

Rather, the correction of this discrepancy would have brought the dispute to a trial on the merits and thereby facilitated final adjudication of the rights of the parties. The trial court's failure to make a correction as authorized by Code § 16.1-109 (Repl. Vol. 1960), was reversible error.

The judgment is reversed and the case remanded with instructions to require Burks, after reasonable notice, to supply the deficiency in the appeal bond and, upon his compliance, to proceed to a trial of the merits of the controversy.

*Reversed and remanded.*