## CIRCUIT COURT OF ARLINGTON COUNTY

Pentagon Realty Co., Inc.

v.

David F. Oddenino et al.

January 15, 1974

Case No. (Law) 16754

By JUDGE CHARLES H. DUFF

I have reviewed the various authorities cited and the able argument of counsel and am of the opinion that the plaintiff's Motion to Dismiss the Appeal must be granted.

Code sections 16.1-106 and 16.1-107 must be considered together and when so considered the legislative intent seems clear that the appeal bond be posted before the appeal is perfected. Of the cases cited, *The Covington Virginian*, 182 Va. 538, appears apropos.

The issue in *Jenkins* v. *Bertram*, 163 Va. 672, was whether the omission on the part of the trial magistrate to require the execution of an appeal bond ousted the Circuit Court of jurisdiction. Such is not the issue at bar.

In *Burks* v. *Three Hills Corp.* (decided November 26, 1973) [214 Va. 322] the appellant had posted the $100 bond fixed by the County Court but the Clerk of the Circuit Court had allocated the cash in such manner that it appeared that there was an insufficiency of $30.00. The judgment of the County Court did not award the payment of any money to Three Hills, the sole functional purpose of the bond being to cover court costs and writ tax. The Supreme Court reversed the Circuit Court for dismissing the appeal rather than correcting the discrepancy of $30.00 by requiring additional security as authorized by Code 16.1-109.

The present case involves more than a mere defect or irregularity in the proceedings which can be corrected under Code 16.1-114. Here no bond whatsoever was posted during the time period which I feel applicable under the statute.