COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA,
 VIRGINIA DEPARTMENT OF SOCIAL
 SERVICES, DIVISION OF CHILD SUPPORT
 ENFORCEMENT, ex rel., JANET MAY                    OPINION BY
                                                JUDGE LARRY G. ELDER
v.        Record No. 1870-95-2                  APRIL 9, 1996

RAYMOND M. WALKER


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                   Richard H. C. Taylor, Judge


          Keith H. Warren, Special Counsel, Virginia
          Department of Social Services (Betsy S. Elliott,
          Senior Special Counsel, Virginia Department of
          Social Services; James S. Gilmore, III, Attorney
          General; William H. Hurd, Deputy Attorney General;
          Siran S. Faulders, Senior Assistant Attorney
          General; Robert B. Cousins, Jr., Senior Assistant
          Attorney General, on brief), for appellant.

          Wilbert L. Sawyer, Jr., for appellee.


     The Commonwealth/Department of Social Services, Division of

Child Support Enforcement (DCSE), ex rel. Janet May, appeals the

circuit court's decision that Raymond M. Walker (father) owed no

child support arrearage.  DCSE contends that the circuit court

lacked jurisdiction to hear father's appeal from the juvenile and

domestic relations district court (J&DR court) where father

posted no appeal bond.  Because the circuit court possessed

jurisdiction over the case, even though father posted no appeal

bond, we affirm its judgment.

I.

FACTS

In May 1986, the J&DR court entered a support order directing father to pay one hundred dollars per week for the support of his two minor children. In March 1994, DCSE filed a motion for a show cause order with the J&DR court, alleging father had accrued an arrearage of $2,496.06. On September 9, 1994, the J&DR court found father in contempt for failure to pay child support as ordered. The J&DR court suspended father's jail sentence on the condition that he make payment on $2,395 in arrears.

Father appealed the J&DR court's order to the Circuit Court of Hanover County. DCSE objected to the taking of any testimony from father, arguing that father failed to post an appeal bond as mandated by Code § 16.1-296(H). The circuit court overruled DCSE's objection, heard testimony, and ruled that father owed no arrears. The Commonwealth now appeals, arguing that the circuit court lacked jurisdiction to hear father's appeal.

II.

JURISDICTION

Using Code § 16.1-296 as a foundation, DCSE contends that a party must post an appeal bond in all appeals from a J&DR court to a circuit court, where that party owes a support arrearage, even where such bond is not set by either court. Code § 16.1-296(H) states, in pertinent part:

No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court <u>except for that portion of any order or judgment establishing a support arrearage</u> or suspending payment of support during pendency of an appeal. <u>In cases involving support, no appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond</u>, in any amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.

(Emphases added).

DCSE asserts that "[t]he statutory requirements for appeal bonds have always been construed as mandatory [] and the exercise of appellate jurisdiction confined to the provisions of the written law." <u>Covington Virginian, Inc. v. Woods</u>, 182 Va. 538, 543, 29 S.E.2d 406, 408 (1944). DCSE also contends that <u>Scheer v. Isaacs</u>, 10 Va. App. 338, 392 S.E.2d 201 (1990),[1] and <u>McCall v. Commonwealth ex rel. Ware</u>, 20 Va. App. 348, 457 S.E.2d 389 (1995),[2] stand for the principle that a party's failure to post

_____

[1] In <u>Scheer</u>, the mother obtained a child support arrearage judgment against the father in the J&DR court. The J&DR court set an appeal bond. The father filed his appeal with the circuit court but failed to post an appeal bond. "The circuit court dismissed the appeal, finding that it had no jurisdiction as the appeal bond had not been timely filed." <u>Id.</u> at 339, 392 S.E.2d at 202. The Court of Appeals affirmed the circuit court's dismissal of the appeal, stating that Code § 16.1-107 expressly requires the posting of an appeal bond, and "[w]hen the bond is not given, the appellate court has no jurisdiction." <u>Id.</u> at 340, 392 S.E.2d at 202.

[2] In <u>McCall</u>, the mother obtained an arrearage judgment against the father in the J&DR court. The J&DR court set an appeal bond. The father filed his appeal with the circuit court,

−3−

an appeal bond deprives a circuit court of its jurisdiction to hear the appeal.

We disagree with DCSE's reasoning. A close reading of Scheer and McCall reveals that in both cases the J&DR court <u>set an appeal bond which the party never posted</u>. Because in this case neither the J&DR court nor the circuit court set an appeal bond, Scheer and McCall are inapposite. We hold that where a J&DR court fails to require an appeal bond as required by statute, the circuit court is not deprived of its jurisdiction. Jenkins v. Bertram, 163 Va. 672, 177 S.E. 204 (1934)(holding that a magistrate's failure to require an appeal bond does not oust the circuit court of its jurisdiction over the appeal). The proper course for the circuit court to follow before it hears an appeal from the J&DR court under these circumstances is to "correct the omission of the magistrate and require the execution of an appeal bond pursuant to the statute allowing appeals, and upon due execution thereof to proceed with the trial of the case 'according to the principles of law and equity.'" Id. at 675, 177 S.E. at 205 (citing predecessor to current Code § 16.1-114.1[3]).

---

but he failed to post the appeal bond, which had been increased by the circuit court. Id. at 390, 457 S.E.2d at 390. The circuit court dismissed the father's appeal. This Court held, as it did in Scheer, that the circuit court did not err in dismissing the appeal because the father failed to post the required appeal bond.

[3] Code § 16.1-114.1 states:

Actions or proceedings appealed or

Just as "a deficient appeal bond does not [r]equire dismissal of [an] appeal," <u>Burks v. Three Hills Corp.</u>, 214 Va. 322, 323, 200 S.E.2d 521, 522 (1973)(holding that a circuit court may correct a deficient appeal bond and retain jurisdiction over the appeal), equitable considerations dictate that under the facts of this case, the circuit court obtained jurisdiction to hear father's appeal. <u>See</u> <u>Hurst v. Ballard</u>, 230 Va. 365, 368, 337 S.E.2d 284, 285 (1985)(recognizing that Code § 16.1–114.1 contains curative provisions that can be used to correct "a mere defect, irregularity, or omission in the proceedings").

DCSE concedes that the circuit court's decision on the merits is sound. Father prevailed on appeal and did not need to satisfy the judgment in mother's favor. Therefore, the circuit court's procedural error in failing to require an appeal bond was

removed from district courts shall be tried according to the principles of law and equity, and when the same conflict the principles of equity shall prevail. No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in district court . . . when the same may be corrected by proper order of the court of record. In any such case the court of record shall retain the same, with full power to direct all necessary amendments, to enter orders and direct proceedings to correct such defects, irregularities and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.

harmless.  Furthermore, DCSE never asked either the J&DR court or the circuit court to set an appeal bond.  Rather, DCSE made a jurisdictional argument before the circuit court, arguing that the circuit court could not hear the case because father posted no appeal bond.  Under these facts, examined in conjunction with "equitable considerations," we hold that the trial court had jurisdiction over this case, even after it failed to correct the J&DR court's failure to set an appeal bond.  See <u>Burks</u>, 214 Va. at 323, 200 S.E.2d at 522; Code § 16.1-114.1.

Accordingly, we affirm the circuit court's order.

<u>Affirmed.</u>