Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Poff, Senior Justice

COMMONWEALTH OF VIRGINIA,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 EX REL. JANET MAY

                          OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.

v. Record No. 961377
                                        April 18, 1997
RAYMOND M. WALKER

              FROM THE COURT OF APPEALS OF VIRGINIA


      The issue in this appeal is whether a circuit court had

jurisdiction to entertain an appeal of a judgment of a juvenile

and domestic relations district court when the appealing party

failed to post an appeal bond.

      In May 1986, the Juvenile and Domestic Relations District

Court of Hanover County (the District Court) ordered Raymond M.

Walker to pay Janet May $100 per week for the support of his two

children.  In March 1994, the Division of Child Support

Enforcement (the Division) sought and obtained a show cause

order, claiming that Walker was in arrears in his support

payments.  On September 9, 1994, following a hearing on the show

cause order, the District Court found Walker in contempt of court

for his failure to pay support in the amount of $2,395.  The

court sentenced Walker to six months in jail, but suspended the

sentence on the condition that Walker pay the arrearage and

continue to pay support.

      On September 12, 1994, Walker noted an appeal to the Circuit

Court of Hanover County (the Circuit Court).  No appeal bond was

set by the District Court or its clerk, and Walker posted no

appeal bond.

On April 4, 1995, Walker and the Division appeared before the Circuit Court. The Division claimed that the Circuit Court did not have jurisdiction to hear the case because Walker had not posted the appeal bond required by Code § 16.1-296(H). The Circuit Court ruled that it had jurisdiction, heard the case on its merits, and found that Walker was not in arrears.

The Division appealed the jurisdictional issue to the Court of Appeals. The Court of Appeals affirmed the Circuit Court's judgment, concluding that the Circuit Court had jurisdiction even though Walker had not posted an appeal bond. Commonwealth Ex Rel. May v. Walker, 22 Va. App. 230, 468 S.E.2d 695 (1996). The Court of Appeals held that, "where a [district] court fails to require an appeal bond as required by statute, the circuit court is not deprived of its jurisdiction." Id. at 233, 468 S.E.2d at 697. We awarded the Division an appeal.

At the time the present case was before both the District Court and the Circuit Court, Code § 16.1-296(H) provided, in pertinent part, the following:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage . . . . In cases involving support, no appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.

Code § 16.1-296(H) could not be more clear: "no appeal shall be allowed" unless and until a bond is given by the party applying for the appeal. The statutory requirements for appeal bonds always have been construed as mandatory, and the exercise of appellate jurisdiction has been confined to the provisions of the written law. The Covington Virginian v. Woods, 182 Va. 538, 543, 29 S.E.2d 406, 408 (1944). We repeatedly have held that "[the] failure to substantially comply with the statutory requirements applicable to appeal bonds constitutes a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken." Parker v. Prince William County, 198 Va. 231, 235, 93 S.E.2d 136, 139 (1956); accord Ness v. Manuel, 187 Va. 209, 212, 46 S.E.2d 331, 332 (1948); Woods, 182 Va. at 548, 29 S.E.2d at 411; Southern Ry. Co. v. Thomas, 182 Va. 788, 795, 30 S.E.2d 575, 578 (1944); Forrest v. Hawkins, 169 Va. 470, 477, 194 S.E. 721, 723 (1938); Clinch Valley Lumber Corp. v. Hagan Estates, 167 Va. 1, 4-5, 187 S.E. 440, 441-42 (1936); Brooks v. Epperson, 164 Va. 37, 43, 178 S.E. 787, 789 (1935).

In the present case, Code § 16.1-296(H) mandated an appeal bond, and the posting of such bond was required within 30 days from the date of judgment. Godlewski v. Gray, 221 Va. 1092, 1096-97, 277 S.E.2d 213, 216 (1981).[*] However, no bond was

_____

[*]In 1995, the General Assembly amended Code § 16.1-296(H), consistent with Godlewski, by adding the following: "An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment

- 3 -

posted within the 30-day period.  We hold, therefore, that the Circuit Court did not have jurisdiction to hear the appeal.

In so holding, we reject the Court of Appeals' ruling that, because the District Court failed to require a bond, the Circuit Court was not deprived of its jurisdiction.  We conclude that Code § 16.1-296(H) places the burden on the party applying for the appeal to ask for and to have the district court set the bond and approve the surety.  It is fundamental that the appealing party has the burden of perfecting his appeal.  See, e.g., White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (onus is upon appellant to provide reviewing court with sufficient record).

We also reject the Court of Appeals' conclusion that, based upon Code § 16.1-114.1, "equitable considerations" dictated that, under the facts of the present case, the Circuit Court obtained jurisdiction.  22 Va. App. at 235, 468 S.E.2d at 697.  Code § 16.1-114.1 provides, in pertinent part, that "[n]o warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the district court."  In the present case, the failure to post an appeal bond is not a "mere defect, irregularity or omission in the proceedings;" rather, it is a fatal jurisdictional defect that cannot be cured.  See Hurst v. Ballard, 230 Va. 365, 367,

(..continued)
or order [of a juvenile and domestic relations district court]." 1995 Va. Acts ch. 517.  The amendment became effective on July 1, 1995, after the Circuit Court's ruling in the present case.

- 4 -

337 S.E.2d 284, 285 (1985) (decided under former Code § 16.1-114); cf. Burks v. Three Hills Corp., 214 Va. 322, 323-24, 200 S.E.2d 521, 522 (1973) (appeal bond in deficient amount held curable).

Finally, we also reject the Court of Appeals' ruling that Walker's failure to post an appeal bond was harmless error because he prevailed on the merits in the Circuit Court. As previously noted, the Circuit Court did not have jurisdiction; therefore, its purported judgment on the merits is void. See Slaughter v. Commonwealth, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981).

Accordingly, we will reverse the judgment of the Court of Appeals and reinstate the District Court's judgment which became final when Walker failed to perfect his appeal.

Reversed and final judgment.