# CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Department
of Social Services,
Division of Child
Support Enforcement,
ex rel. Susan J. Toone

v.

Kenneth A. Toone

March 12, 1998

Case No. (Chancery) 152239

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on the motion of the Virginia Department of Social Services, Division of Child Support Enforcement ("the Department") to dismiss Mr. Toone's appeal from a ruling of the Fairfax County Juvenile and Domestic Relations Court finding him in arrears in the amount of $22,015.76 in child support.

Following the determination of arrearage by the Juvenile and Domestic Relations Court by order dated October 10, 1997, Mr. Toone noted his appeal to this Court on October 17, 1997. On that same date, the Juvenile and Domestic Relations Court ordered that no bond would be required for the appeal. The Department challenges the jurisdiction of this Court to hear Mr. Toone's appeal on the grounds that he failed to post a bond in the amount of the arrearage found by the Juvenile and Domestic Relations Court as required by § 16.1-296(H) of the Code of Virginia. The Department further relies upon *Commonwealth v. Walker*, 253 Va. 319 (1997), in support of its position.

In *Walker*, husband had an obligation to pay child support and was found in arrears by the juvenile and domestic relations court. He appealed to the circuit court. No bond was posted within the required thirty-day period. The Department moved to dismiss the appeal because no bond was posted. The

circuit court denied the motion, heard the case on its merits, and found husband not to be in arrears. The Court of Appeals affirmed. The Supreme Court reversed, concluding that § 16.1-296(H) "mandated an appeal bond, and posting of such bond was required within 30 days from the date of judgment. [Citation omitted.] However, no bond was posted within the 30-day period. We hold, therefore, that the circuit court did not have jurisdiction to hear the appeal." *Walker*, 253 Va. at 322.

There can be no doubt that the purpose of requiring an appeal bond under § 16.1-296 of the Code for support arrearage is to protect the interest of the spouse and children entitled to support during the pendency of an appeal. Failing to require an appeal bond (as the Juvenile and Domestic Relations Court did in this case) when it seemingly is clearly mandated admittedly defeats that purpose. But dismissing an appeal for failure to post a bond when the lower court specifically ruled that such a bond was not required is patently unfair to Mr. Toone. The unfairness was rejected as an "equitable consideration" in *Walker* in husband's argument to allow the appeal. But the statute has changed since the appeal in *Walker* to the circuit court was taken. After husband's appeal in *Walker*, the General Assembly amended § 16.1-296(H) to add the following sentence: "An appeal will not be perfected unless such appeal bond *as may be required* is filed within thirty days from the entry of the final judgment or order [of a Juvenile and Domestic Relations Court]." (Emphasis added.) In the instant case, Mr. Toone has not failed to post an appeal bond as required because none was required. By implication, he has complied with that statutory requirement.

However, I treat Mr. Wetzonis' motion as a motion to require new or additional security under § 16.1-109 of the Code. I find that good cause exists to require security from Mr. Toone. I require him to post an appeal bond of $22,015.76 in cash or with corporate surety on or before April 6, 1998. Should he fail to post such security, his appeal shall be dismissed.

The Department's motion to dismiss Mr. Toone's appeal is denied. However, I treat it as a motion to require additional security of Mr. Toone and grant it as reflected above.