COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


EUGENE H. SCALES, JR.

                                       MEMORANDUM OPINION[*]

v.          Record No. 2295-97-3          PER CURIAM
                                        MAY 19, 1998

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. MEYOKI JONES


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

(Vikram Kapil, Assistant Public Defender;
Office of the Public Defender, on brief), for
appellant.

(Mark L. Earley, Attorney General; Ashley L.
Taylor, Jr., Deputy Attorney General;
Robert B. Cousins, Jr., Senior Assistant
Attorney General; Craig M. Burshem, Regional
Special Counsel; Alice G. Burlinson, Regional
Special Counsel; Vaso T. Doubles, Special
Counsel, on brief), for appellee.


Eugene H. Scales (father) appeals the decision of the

circuit court dismissing his appeal.  Father filed a de novo

appeal of an order of the juvenile and domestic relations

district court finding him guilty of civil contempt for

nonpayment of child support.[1]  Father contends that, because he

was unable to post an appeal bond as required by Code

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Father filed a "Petition for Appeal" with this Court.  We
agree with appellee's assertion that this appeal arises from a
finding of civil, not criminal, contempt.  Therefore, we grant
appellee's motion to transfer this case to the civil side of the
Court's docket, and we treat father's "Petition for Appeal" as an
opening brief.

§ 16.1-296(H), he was denied his right to a trial and due process of law. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

The Department of Social Services, Division of Child Support Enforcement (DCSE) filed a motion to show cause due to father's failure to pay child support pursuant to a 1990 court order. Father paid no support after July 1996, during which time he was incarcerated. On June 17, 1997, the juvenile and domestic relations district court found that father was in civil contempt and ordered him to pay $7,438.25 in past-due support and interest. Father was sentenced to six months in jail, subject to release upon his payment of the outstanding support and interest. Father appealed the district court order, but did not post the appeal bond required under Code § 16.1-296(H). The circuit court dismissed father's appeal.

Father contends that the district court's contempt action was quasi-criminal in nature. We disagree. Because father's imprisonment was conditioned on the payment of his outstanding child support, the record demonstrates that the action was civil in nature.

> "It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between . . . [civil and criminal contempt]." The punishment is criminal in nature if it is determined and unconditional. The punishment is civil if it is conditional, and a defendant can avoid a

2

penalty by compliance with a court's order.

Kessler v. Commonwealth, 18 Va. App. 14, 16, 441 S.E.2d 223, 224

(1994) (citations omitted).

> "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree [is] not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents."

Leisge v. Leisge, 224 Va. 303, 309, 296 S.E.2d 538, 541 (1982)

(citation omitted). Father's sentence was designed to compensate

his child for the nonpayment of support. By paying the

outstanding amount, father could purge himself of contempt.

Relying upon Griffin v. Illinois, 351 U.S. 12 (1956), and

its progeny, father contends that because he was unable to post

the appeal bond required under Code § 16.1-296(H), he was denied

his right to trial and due process of law guaranteed under the

Sixth and Fourteenth Amendments to the United States

Constitution. However, this case neither involves criminal

rights nor falls within the "narrow category of civil cases in

which the State must provide access to its judicial processes

without regard to a party's ability to pay court fees." M.L.B.

v. S.L.J., 117 S. Ct. 555, 562 (1996). The United States Supreme

Court "has not extended Griffin to the broad array of civil

cases." Id. at 563. Moreover,

> [a]s a matter of public policy, it is one thing for the state to excuse indigents from

3

> payment of fees and costs which are
> essentially state interests; it is another
> thing for the state to excuse indigents from
> posting bonds designed to protect the
> judgment rights of successful litigants.

Greer v. Dillard, 213 Va. 477, 479, 193 S.E.2d 668, 670-71 (1973). Therefore, father's contention that he was denied constitutionally-guaranteed rights is without merit.

Under Code § 16.1-296(H), in order to appeal the district court's order, father was required to post an appeal bond.

> Code § 16.1-296(H) could not be more clear:
> "no appeal shall be allowed" unless and until
> a bond is given by the party applying for the
> appeal. The statutory requirements for
> appeal bonds always have been construed as
> mandatory, and the exercise of appellate
> jurisdiction has been confined to the
> provisions of the written law.

Commonwealth ex rel. May v. Walker, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997). The failure to post the appeal bond deprived the circuit court of jurisdiction. See id.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.