# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Division of Child
Support Enforcement
ex rel. Sandra Seay

v.

Thomas Bryant

April 28, 1999

Case No. 99-89

BY JUDGE EDWARD L. HOGSHIRE

Defendant Thomas Bryant was found in contempt of court for his failure to pay child support by the Charlottesville Juvenile and Domestic Relations Court. He was sentenced to twelve months in prison, or he could post a bond of more than $8,000.00 which represented the amount he owed in back support. Bryant sought to appeal the J&DR ruling, but the lower court required an appeal bond in excess of $8,000.00. Bryant now challenges that ruling by the lower court, whereas the Division of Child Support Enforcement contends that this Court lacks jurisdiction to hear the appeal. After considering the arguments made at the oral hearing and in the parties' submissions, the Court agrees with DCSE that it lacks jurisdiction over this matter.

The starting point for this inquiry is Va. Code § 16.1-296, which governs the jurisdiction of appeals and appellate procedure. That statute addresses the possibility of requiring an appeal bond for an appeal from a J&DR decision.

No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or

suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected, or if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.

Va. Code § 16.1-296(H). The plain language of the statute allows the J&DR judge to impose an appeal bond on a parent in arrears on child support equal to the amount of the back support. Failure to post such a bond precludes the perfection of the appeal.

The Defendant relies on *McCall v. Ware*, 20 Va. App. 348 (1995), for the distinction between the appeal of the sentence and the appeal for the back support owed. *McCall*, however, was decided before the substantive amendments to § 16.1-296, and its rationale was discredited by *May* and *Scales, infra*. Therefore, the Court finds *McCall* of limited precedential value for this case.

The Virginia Supreme Court has held that "[t]he statutory requirements for appeal bonds always have been construed as mandatory, and the exercise of appellate jurisdiction has been confined to the provisions of the written law." *May v. Walker*, 253 Va. 319, 322 (1997). In *May*, the Court found that the circuit court lacked jurisdiction on an appeal from a J&DR court's contempt finding when the father failed to post an appeal bond despite the fact that the J&DR court did not set an appeal bond. The Court concluded that an appeal bond was mandatory in appealing cases of back child support even if the lower court did not set such a bond. *Id.* at 322. The failure to post an appeal bond constituted a jurisdictional defect which could not be cured. *Id.* The facts and holding of *May* appear controlling because Bryant did not post the required appeal bond. Bryant contends, however, that the J&DR judge's decision

effectively precluded him from appealing his case and that the judge impermissibly ordered one bond covering both appearance and payment.

The Court of Appeals recently dismissed an almost identical argument in *Scales v. Jones*, 1998 Va. App. Lexis 292 (1998) (unpublished). In *Scales*, a father who had been cited for contempt for the nonpayment of child support argued that his inability to post an appeal bond under § 16.1-296(H) deprived him of his right to trial and due process of law. The Court of Appeals dismissed the appeal, citing to *May. Id.*

First, the Court of Appeals rejected the father's argument that the contempt action was quasi-criminal, which is similar to the argument made here by Bryant. Relying on *Kessler v. Commonwealth*, 18 Va. App. 14, 16 (1994), the Court of Appeals stressed: "Because father's imprisonment was conditioned on the payment of his outstanding child support, the record demonstrates that the action was civil in nature ... . By paying the outstanding amount, father could purge himself of contempt." *Scales, supra.* The Court thus dismissed the constitutional claims by the father and held that the circuit court lacked jurisdiction over the appeal.

Although *Scales* is an unpublished disposition, the Court finds it persuasive. The Court of Appeals properly applied *May* and § 16.1-296 to facts analogous to the ones at hand. Therefore, the Court will follow the result in *Scales*, and it accordingly concludes that it lacks jurisdiction to hear Bryant's appeal. The J&DR judge set an appropriate bond, and Bryant failed to post the bond. Under the regime created by § 16.1-296 and the teaching of *May* and *Scales*, he has not perfected his appeal and this Court thus has no jurisdiction over his claim.

For the above-stated reasons, the Court concludes that Bryant's appeal should be dismissed for want of jurisdiction.