# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Loretta L. Wittusen

v.

Victoria L. Lohr

August 9, 1999

Case No. CH99-437, 438, 500, and 501

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue before the court is whether this court has jurisdiction to entertain an appeal of a judgment for child support arrearage when the appealing party did not timely post an appeal bond, and her failure to do so allegedly is based, at least in part, on misinformation provided by the juvenile court clerk's office.

*Facts*

In 1996 the juvenile court entered a support order that required Victoria L. Lohr to pay certain medical expenses of her two children. Payment was to be made to Loretta L. Wittusen, paternal grandmother, who had been awarded custody of the children. In September, 1998, Mrs. Wittusen sought and obtained a show cause order claiming that Mrs. Lohr was in arrears in payment of the children's medical bills.

On April 22, 1999, after a hearing, the juvenile court found Mrs. Lohr to be in arrears in the sum of $4,701.60. The court also found her in contempt of court and sentenced her to sixty days in jail, all of which was suspended on condition that she pay the arrearage on a schedule set out in the court's order. Mrs. Lohr immediately noted an appeal to the circuit court.

When the appeal reached this court, Mrs. Wittusen filed a motion to dismiss contending that Mrs. Lohr had failed to post bond as required by law. The court conducted a hearing on the motion on August 3, 1999.

At the August 3rd hearing, Mrs. Lohr offered the testimony of her husband, Terry Lohr. Mr. Lohr testified that he went to the juvenile court clerk's office on April 29, 1999, and inquired about the procedure for posting a bond secured by his sister's real estate. In response to what he was told by juvenile court personnel, he and his sister went to the circuit court clerk's office on April 30, 1999, and obtained a paper certifying that the sister, Ann M. Lohr, owned five acres in Livingston District, Spotsylvania County, Virginia, assessed at $75,800.00. He took that paper to the juvenile court clerk's office on the same day. He was told by personnel in that office that he had done what was needed to be done.

On June 14, 1999, Mr. Lohr returned to the juvenile court clerk's office and posted a cash bond in the sum of $4,701.60. He said that he had borrowed that money so that he could substitute cash for his sister's property as Mrs. Lohr's appeal bond. The juvenile court forwarded that money to the circuit court clerk's office on June 28, 1999, where it was properly receipted.

Nothing in the circuit court files substantiates or contradicts Mr. Lohr's testimony, except the receipt for $4,701.60 for money received from the juvenile court on June 28, 1999.

In addition to her husband's testimony, Mrs. Lohr offered as evidence a copy of the juvenile court receipt for $4,701.60 dated June 14, 1999, and a copy of the paper containing information about Ann M. Lohr's real estate that Mr. Lohr and his sister obtained on April 30, 1999.

After hearing the evidence and arguments of counsel, the court took the case under advisement.[1]

## Applicable Law

Virginia Code § 16.1-296(H) requires that an appeal bond be posted before an appeal is allowed from an order of a juvenile court establishing a support arrearage. The bond must be posted within thirty days and must be in an amount and with surety approved by the judge or clerk of the juvenile court "to abide by such judgment as may be rendered on appeal ... ." The juvenile court may also require bond to secure payment of prospective support accruing during the pendency of the appeal.

The juvenile court's order of April 22, 1999, cited § 16.1-296(H) and, consistent with the terms of that statute, set an appeal bond "in the amount of

---

[1] Mrs. Lohr also appealed juvenile court orders denying her request for unsupervised visitation with her children. The motion to dismiss is not related to that matter, and those appeals (## CH99-500 and CH99-501) are set for trial on October 27, 1999.

the arrearage and the amount of current support for a period of six months during the pendency of the appeal" to be posted by "cash or corporate surety" with the juvenile court clerk

In *Commonwealth v. Walker*, 253 Va. 319 (1997), the appellant noted an appeal from a juvenile court order finding him in arrears and also finding him in contempt of court for failure to pay support. No appeal bond was set by the juvenile court or its clerk, and the appellant posted no appeal bond. The Circuit Court and the Court of Appeals held that where the juvenile court fails to set an appeal bond as required by statute, the circuit court is not deprived of jurisdiction to hear the appeal. The Circuit Court heard the appeal, and the Court of Appeals affirmed. The Supreme Court reversed, noting that the statute "could not be more clear." The Supreme Court held that § 16.1-296(H) places the burden on the appealing party to ask for and to have the juvenile court set bond and approve the security for the bond. "It is fundamental that the appealing party has the burden of perfecting his appeal," the Court said.

In essence, the Supreme Court held in *Walker* that the appeal bond requirement of § 16.1-296(H) is mandatory, and non-compliance is an incurable defect that deprives the circuit court of jurisdiction over the appeal.

In *Hutchins v. Carrillo*, 27 Va. App. 595 (1998), a juvenile court established a father's support arrearage, and the father appealed. The juvenile court set the appeal bond. On the afternoon of the 30th day, the father went to the juvenile court clerk's office with cash in hand to post the bond, only to discover that the office had closed for the day "to process a backlog of support petitions." He returned several days later and posted the bond, and the case was forwarded to the Circuit Court. On appeal, the Circuit Court concluded that it lacked jurisdiction to hear the appeal. The Court of Appeals reversed, holding that the unauthorized early closing of the juvenile court clerk's office was a "random unauthorized act of a state employee" that deprived the father of due process of law. Thus, the Court of Appeals distinguished *Walker* and declared that the Circuit Court should have proceeded with the appeal as if the father had timely satisfied the appeal bond requirement.

## Decision

Clearly, the focus of this case is the "property bond" that Mr. Lohr attempted to post for Mrs. Lohr on April 30, 1999. The cash bond posted on June 14, 1999, was untimely by a matter of weeks.

This decision is governed by the Supreme Court's decision in *Walker*, not the due process rationale in *Hutchins*.

First, Mrs. Lohr was not prevented from perfecting her appeal by an unlawful or unauthorized act. In *Hutchins*, the appellant was completely deprived of his right to appeal by an unauthorized closing of the juvenile court clerk's office. The closing was contrary to law. Here, Mrs. Lohr failed to perfect her appeal because, according to her husband, her husband was given incorrect information by personnel in the juvenile court clerk's office.[2]

Second, it is difficult to understand how anyone could reasonably assume that a piece of paper containing information about someone's real estate holdings would constitute a "bond." Here, the information sheet taken by Mr. Lohr to the juvenile court clerk's office merely stated that his sister, Ann M. Lohr, owned five acres of land at a certain location in Spotsylvania County and that the land is currently assessed at $75,800.00. Neither Mrs. Lohr, Mr. Lohr, or Ann M. Lohr signed or acknowledged anything.

Third, the mistake was not incurable. At the time the mistake was made, Mrs. Lohr had approximately three weeks to rethink the efficacy of the actions her husband had taken and the advice given him by the public official and post an appropriate bond. No such flexibility was available to the appellant in *Hutchins*, a point emphasized in the Court of Appeals' decision.

Finally, assuming that Mr. Lohr's version is true, the court is compelled to acknowledge the harshness of the result in this case. On the other hand, any other decision would be untenable. It would allow any appellant who has not properly posted an appeal bond to take the witness stand or call others to the witness stand and blame his failure to comply with the statute on inaccurate, incorrect, or misleading advice or information given by someone in the lower court's clerk's office, which, unless persuasively contradicted, would exonerate the appellant and cure an otherwise fatal jurisdictional defect. In effect, the threshold jurisdictional issue in such cases could become a swearing contest between appellants and employees of the juvenile court clerk's office.

The motion is granted, and the appeals in No. CH99-437 and No. CH99-438 are dismissed.

---

[2] Much of Mr. Lohr's testimony, reciting statements made to him by someone in the juvenile court clerk's office, is hearsay. Timely objections to this testimony were made by counsel for Mrs. Wittusen. For purposes of this decision, however, the court will assume that Mr. Lohr's representations are true.