COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


VICTOR ESPINOZA
                                      MEMORANDUM OPINION*
v.    Record No. 0536-03-4               PER CURIAM
                                        AUGUST 5, 2003
CLAUDIA ESPINOZA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                Robert W. Wooldridge, Jr., Judge

          (Karen Zeineddin; Leiser & Associates, PLLC,
          on brief), for appellant.

          (Brendan D. Harold; Leffler & Hyland, P.C.,
          on brief), for appellee.


     Victor Espinoza, father, appeals a decision of the trial

court dismissing his appeal of a child support award made by the

Juvenile and Domestic Relations District Court of Fairfax County

(JDR court).  Appellant contends the trial court erred in

dismissing his case for failure to post an appeal bond pursuant to

Code § 16.1-296(H).  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

Claudia Espinoza, mother, filed a petition for child support in JDR court. In June 2002, the JDR judge ordered father to make child support payments of $889 per month. The JDR judge also determined that father was in arrears for child support payments in the amount of $7,112 and ordered that father pay an additional $75 per month toward the arrearage amount.

Father noted his appeal of the decision of the JDR court to the Circuit Court of Fairfax County. The notice of appeal was signed by a deputy clerk of the JDR court and contained a handwritten notation "Appeal Bond--No Bond." Another document, dated June 13, 2002 and signed by the JDR judge, has a heading: "APPEAL BOND INFORMATION." Under that heading, a box is checked next to the wording: "NO BOND REQUIRED." Father did not file an appeal bond.

Mother filed a motion to dismiss father's appeal to the circuit court on the ground that he failed to post an appeal bond. In an opinion letter dated January 30, 2003, the trial court wrote that the JDR court "set no bond for this appeal. Presumably [father] posted no bond for that very reason." The trial court granted mother's motion to dismiss, stating that, pursuant to Code § 16.1-296(H), it was without jurisdiction to hear the case and that it was without discretion to relieve father of the responsibility to post an appeal bond. Father appeals the decision of the trial court.

ANALYSIS

Code § 16.1-296(H) provides, in part:

> In cases involving support, no appeal shall
> be allowed until the party applying for the
> same or someone for him gives bond, in an
> amount and with sufficient surety approved
> by the judge or by his clerk if there is
> one, to abide by such judgment as may be
> rendered on appeal if the appeal is
> perfected or, if not perfected, then to
> satisfy the judgment of the court in which
> it was rendered.

The Supreme Court of Virginia has stated:

> Code § 16.1-296(H) could not be more
> clear:  "no appeal shall be allowed" unless
> and until a bond is given by the party
> applying for the appeal.  The statutory
> requirements for appeal bonds always have
> been construed as mandatory, and the
> exercise of appellate jurisdiction has been
> confined to the provisions of the written
> law.  We repeatedly have held that "[the]
> failure to substantially comply with the
> statutory requirements applicable to appeal
> bonds constitutes a jurisdictional defect
> which cannot be corrected after the
> expiration of the time within which an
> appeal may be taken."

Commonwealth ex rel. May v. Walker, 253 Va. 319, 322, 485 S.E.2d

134, 136 (1997) (citations omitted).

Father argues that his case is distinguishable from May

because, in his case, the JDR court set the bond at "zero."

However, in May, the Supreme Court specifically rejected this

Court's ruling that, "because the District Court failed to

require a bond, the Circuit Court was not deprived of its

jurisdiction."  Id.  "Code § 16.1-296(H) places the burden on

- 3 -

the party applying for the appeal to ask for and to have the district court set the bond and approve the surety."  Id.  In addition, father's contention that he was denied constitutionally-guaranteed rights is without merit.  "[T]he failure to post an appeal bond is not a 'mere defect, irregularity or omission in the proceedings;' rather, it is a fatal jurisdictional defect that cannot be cured."  Id. at 323, 485 S.E.2d at 136 (quoting Code § 16.1-114.1).

The failure to post the appeal bond deprived the trial court of jurisdiction.  Accordingly, we summarily affirm the decision of the trial court and dismiss the appeal.

Affirmed.