COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Clements
Argued at Salem, Virginia


MELVIN R. JONES

MEMORANDUM OPINION[*] BY

v.        Record No. 2376-03-3        JUDGE RUDOLPH BUMGARDNER, III
                                      JUNE 1, 2004

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel*. TERESA M. DYE


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

(Melvin R. Jones, *pro se*, on brief).  Appellant submitting on brief.

Stephanie Cangin, Special Counsel (Jerry W. Kilgore, Attorney
General; Craig M. Burshem, Senior Assistant Attorney General;
Beth J. Edwards, Regional Special Counsel; Alice G. Burlinson,
Regional Special Counsel, on brief), for appellee.


Melvin R. Jones appeals the registration and confirmation of child support orders from

North Carolina.  We conclude the circuit court lacked jurisdiction because Jones did not post a

bond when he appealed to the circuit court from the juvenile and domestic relations district court.

Accordingly, we vacate the judgment of the circuit court and reinstate the juvenile court order.

In April 2002, the Division of Child Support Enforcement petitioned the Juvenile and

Domestic Relations District Court of the City of Roanoke to register several child support orders

from North Carolina pursuant to the Uniform Interstate Family Support Act.  See Code

§ 20-88.32 *et seq*.  Jones had personally appeared and consented to the original child support

order entered in 1993.  The Request for Virginia Registration of Foreign Support Order the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Division submitted for entry contains a "Certificate of Arrearage" that set the arrearage at $32,525.30 as of December 31, 2001. After a hearing, the juvenile court registered and confirmed the orders on March 25, 2003. Jones appealed to the circuit court, but he did not post an appeal bond.

Code § 16.1-296(H) requires a party appealing an order of the juvenile court to file an appeal bond for that portion of the order establishing a support arrearage.[1] "An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order." Id. "The statutory requirements for appeal bonds always have been construed as mandatory, and the exercise of appellate jurisdiction has been confined to the provisions of the written law." Commonwealth v. Walker, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997). Failure to file an appeal bond within thirty days from the entry of the final judgment "'constitutes a jurisdictional defect which cannot be corrected'" after that time. Id. (quoting Parker v. Prince William County, 198 Va. 231, 235, 93 S.E.2d 136, 139 (1956)). The rationale supporting the statutory requirement is sound: requiring the appeal bond "provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied." Mahoney v. Mahoney, 34 Va. App. 63, 67, 537 S.E.2d 626, 628 (2000) (en banc).

Code § 16.1-296(H) required Jones to file an appeal bond within thirty days. He failed to do so. The circuit court lacked jurisdiction to hear his appeal. Accordingly, we vacate the

---

[1] In cases involving support, no appeal shall be allowed until the party applying for the same . . . gives bond, in an amount and with sufficient surety approved by the judge or by his clerk . . . to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.

Code § 16.1-296(H).

judgment of the circuit court and reinstate the juvenile court's order, which became final when Jones failed to perfect his appeal.

Vacated and final judgment.