# CIRCUIT COURT OF THE CITY OF NORFOLK

Maurice Van Garris

v.

Leavy Harold

April 29, 2005

Case No. (Law) L05-489

BY JUDGE EVERETT A. MARTIN, JR.

Mr. Garris filed a warrant in debt against Mr. Harold in the General District Court alleging a breach of contract. Harold then filed a counterclaim also alleging a breach of contract arising out of the same transaction. At the trial on February 23, 2005, the General District Court dismissed Garris's claim apparently for "failure to provide defendant's counsel with pleadings as ordered," and it granted Harold a judgment of $14,600 on his counterclaim. At the foot of Harold's "Case Disposition" the judge appears to have written "bond for appeal $15,000."

That same day, Garris noted an appeal on the dismissal of his claim, and he paid a $25 appeal bond in cash. On March 4, Garris noted an appeal on the counterclaim on form DC-475. Even though the appeal notice form advised him he had to deliver a $15,000 appeal bond within 30 days, he did not do so because he said a clerk advised him it was unnecessary as everything required to perfect the appeal had been done. Garris said he had a bondsman with him at the Clerk's Office ready and willing to post the bond when he was so advised. The General District Court forwarded Garris's warrant in debt to this Court; it did not forward Harold's counterclaim.

Harold has filed a motion to dismiss claiming that Garris has not properly appealed the judgment on the counterclaim and that it is thus a final judgment and bars Garris's claim on *res judicata* or collateral estoppel.

Appeals from the General District Court to this Court are governed by Va. Code of Virginia § 16.1-106 *et seq*. Sections 16.1-107 and 16.1-114.1 apply to the issues in this case. They provide in pertinent parts:

> § 16.1-107. *Requirements for appeal*. No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if such appeal is perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered...

> § 16.1-114.1. *Principles applicable in trial of appeals*. . . . No warrant . . . shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the district court . . . when the same may be corrected by a proper order of the court of record. In any such case, the court of record shall retain the same, with full power to direct all necessary amendments, to enter orders and direct proceedings to correct such defects, irregularities, and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. . . . This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.

In *Commonwealth v. Walker*, 253 Va. 319, 485 S.E.2d 134 (1997), Walker noted an appeal from a District Court judgment, and, as the District Court set no appeal bond, Walker posted none. The Supreme Court held the Circuit Court had no jurisdiction: "the failure to substantially comply with the statutory requirements applicable to appeal bonds constitutes a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken." 253 Va. at 322, 485 S.E.2d at 136. In *Walker*, the Court did not distinguish or expressly overrule *Jenkins v. Bertram*, 163 Va. 672, 177 S.E. 204 (1934), which reached the opposite conclusion on very similar facts.

In *Burks v. Three Hills Corp.*, 214 Va. 322, 200 S.E.2d 521 (1973), the plaintiff prevailed in the County Court and the defendant appealed to Circuit Court. The defendant posted a bond of $100 for the appeal as fixed by the County Court. The Clerk of the Circuit Court upon receipt of the papers allocated $30 to other charges, reducing the appeal bond to $70. Finding the

appeal bond to be insufficient the Circuit Court, *sua sponte,* dismissed the appeal. The Supreme Court reversed, holding that the Circuit Court should have required the defendant to supply the deficiency in the bond under Va. Code § 16.1-109 which provided then and now provides:

> § 16.1-109. *Appellate court may require new·or additional security.* The court to which the appeal is taken may on motion for good cause shown, after reasonable notice to the appellant, require the appellant to give new or additional security, and, if such security be not given within the time prescribed by the appellate court, the appeal shall be dismissed with costs, and the judgment or order of the court from which the appeal was taken shall remain in effect and the appellate court shall award execution thereon, with costs, against the appellant and his surety.

The Supreme Court observed that allowing this correction would neither prejudice the plaintiff's substantive rights nor jeopardize its rights under the County Court's judgment as that judgment awarded no sum to the plaintiff.

In *Smiley v. Erickson,* 29 Va. App. 426, 512 S.E.2d 842 (1999), the plaintiff obtained a judgment in District Court for $18,975 and the defendant appealed. The District Court set the appeal bond at $500, which the defendant timely posted. On appeal to the Circuit Court, the plaintiff moved to dismiss the appeal because of the insufficiency of the bond or, in the alternative, to require an increase in the bond. The Circuit Court denied both motions and heard the appeal. The Court of Appeals reversed, holding the Circuit Court did not err in denying the motion to dismiss, but did err in not requiring additional security under Va. Code § 16.1-109.

Here Harold did obtain a judgment for money damages against Garris, but, if Garris posts an adequate surety bond, Harold's rights in his judgment will not be jeopardized. Garris posted a bond for his appeal of the dismissal of his claim; he did not post a separate bond for his appeal of the judgment entered against him on the counterclaim. Even though a counterclaim is permissive, I know of no reason why Garris should be required to post one bond for $25 and a second bond for $15,000 instead of one bond for $15,025, when, as here, both claims are for breach of the same contract. Such a· requirement would exalt form over substance and frustrate the principles of Va. Code § 16.1-114.1. I believe this is an appropriate case to exercise the authority under Va. Code § 16.1-109. Garris will by May 13, 2005, post

additional security of $15,000 in cash or with a corporate surety acceptable to the Clerk. If this is not done, the appeal will be dismissed as Garris's claim and Harold's counterclaim arise out of the same event and the General District Court's judgment on Harold's counterclaim necessarily establishes that Garris materially breached the contract, which would prevent him from recovering on his claim. *Horton v. Horton*, 254 Va. 111, 487 S.E.2d 200 (1997).