COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Frucci


GOLDENLEAF LOGISTICS, LLC

                                        MEMORANDUM OPINION*

v.      Record No. 0832-25-3                     PER CURIAM
                                           MARCH 31, 2026

VIRGINIA TRUCK CENTER OF RICHMOND, INC.,
 d/b/a EXCEL TRUCK GROUP


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(Lenard Myers, II; Fortress Proprietas, P.C., on brief), for appellant.

(Justin E. Simmons; Elaine D. McCafferty; Woods Rogers
Vandeventer Black PLC, on brief), for appellee.


Goldenleaf Logistics, LLC ("Goldenleaf") appeals the Circuit Court of Botetourt County's

order dismissing its appeal from the General District Court of Botetourt County for lack of

jurisdiction. On appeal, Goldenleaf argues that the circuit court should have assumed jurisdiction

over the appeal under Code § 16.1-114.1 due to the district court's delay in setting the appeal

bond. Finding no error, we affirm.[1]

## BACKGROUND

"According to well settled principles, we recite the relevant facts in the light most favorable

to [the appellee], . . . the prevailing party in the circuit court." *Agnew v. United Leasing Corp.*, 80

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

Va. App. 612, 619 (2024) (second alteration in original) (quoting *Nichols Constr. Corp. v. Va. Mach. Tool Co., LLC*, 276 Va. 81, 84 (2008)).

Virginia Truck Center of Richmond, Inc., d/b/a Excel Truck Group ("VTC") filed a warrant in debt in the district court to recover unpaid repair costs and storage fees from Goldenleaf. VTC sought damages of $25,000 and attorney fees of $10,500, plus costs. On December 10, 2024, the district court awarded VTC $25,000 in damages and $10,562 in attorney fees and costs. On December 19, 2024, Goldenleaf timely noted an appeal to the circuit court. That same day, after Goldenleaf asked the district court about an appeal bond, the district court set the appeal bond at $50,000. Goldenleaf moved to reduce the amount of the bond, which the circuit court denied.

On January 10, 2025, Goldenleaf paid the appeal bond and writ tax—31 days after the district court's judgment. VTC moved the circuit court to dismiss Goldenleaf's appeal because the appeal bond was not paid within 30 days from the date of judgment, as required under Code § 16.1-107.[2] As such, VTC argued that the circuit court lacked jurisdiction because Goldenleaf had failed to timely perfect the appeal.

In response, Goldenleaf proffered that it had discussed payment of the appeal bond with the court clerk on January 9, 2025, but the clerk's office could not accept funds by wire transfer. That same day, Goldenleaf wired the funds to a bank branch in Greensboro, North Carolina, and enlisted a courier to deliver the check. A winter storm delayed the courier, and he arrived after the clerk's office had closed. Goldenleaf claimed that the courier would have arrived on time if not for the

---

[2]       No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge . . . or in an amount sufficient to satisfy the judgment of the court in which it was rendered . . . [s]uch bond shall be posted within 30 days from the date of judgment.

Code § 16.1-107(A).

- 2 -

weather-related delay. Goldenleaf also argued that it did not have 30 days to perfect its appeal because the district court set the appeal bond 9 days after the judgment. Goldenleaf asked the circuit court to find its appeal perfected.

The circuit court held that Goldenleaf failed to timely perfect the appeal. The circuit court also held that Goldenleaf was not entitled to relief under Code § 16.1-114.1, because the district court setting the appeal bond nine days after judgment was not an irregularity or omission in the proceedings. Accordingly, the circuit court held that it lacked jurisdiction over the appeal and dismissed it with prejudice. Goldenleaf appeals.

## ANALYSIS

"We review the trial court's jurisdiction de novo." *Green v. Portfolio Recovery Assocs., LLC*, 83 Va. App. 28, 45 (2024) (quoting *Jackson v. Jackson*, 69 Va. App. 243, 247 (2018)). "No appeal shall be allowed" unless the appealing party pays the clerk an appeal bond within 30 days from the date of the judgment. Code § 16.1-107(A). "An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied." *Mahoney v. Mahoney*, 34 Va. App. 63, 67 (2000). Failure to file an appeal bond within 30 days from the entry of the final judgment "constitutes a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken." *Commonwealth v. Walker*, 253 Va. 319, 322 (1997) (construing the identical language in Code § 16.1-296(H)).

The circuit court has limited statutory authority to correct defects in the appeal process. "No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the district court." Code § 16.1-114.1. In that circumstance, "the court of record shall retain the same, with full power to direct all necessary amendments, to enter orders and direct proceedings to correct such defects, irregularities and omissions, to promote substantial justice to all parties." *Id.*

Goldenleaf acknowledges that it failed to remit the appeal bond within 30 days of the district court's judgment, but it argues that the district court's failure to set an appeal bond on the day of its judgment was a curable defect that permitted the circuit court to acquire jurisdiction over its appeal. However, "the appealing party has the burden of perfecting his appeal." *Walker*, 253 Va. at 322. Indeed, our Supreme Court has held that the "burden [is] on the party applying for the appeal to ask for and to have the district court set the bond and approve the surety." *Id.* As such, the onus was on Goldenleaf to ask the district court to set the appeal bond. Accordingly, any delay in the setting of the appeal bond after the date of judgment was caused by Goldenleaf's failure to ask the district court to set the bond. As a result, the district court setting an appeal bond nine days after judgment is not a "defect" under Code § 16.1-114.1 that excused Goldenleaf's non-payment of the bond within 30 days of the district court's judgment.

CONCLUSION

Goldenleaf failed to pay the appeal bond within 30 days of the district court's judgment; thus, the circuit court was without jurisdiction to consider the appeal. Accordingly, we affirm the circuit court's dismissal of Goldenleaf's appeal.

*Affirmed.*